DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Nir Meir*
605 Third Avenue
New York, New York 10158
(212) 557-7200
ROBERT L. RATTET

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| YH LEX ESTATES LLC, | Adv. Pro. No. 22-01077(JLG) |
| Petitioner, | (Removed Proceeding) |
| -against- | |
| NIR MEIR, RANEE A. BARTOLACCI, and ERMITAGE ONE, LLC, | |
| Respondents. | |

-------------------------------------------------------------x

### DECLARATION OF ROBERT L. RATTET IN SUPPORT OF MOTION OF NIR MEIR TO TRANSFER REMOVED CIVIL ACTION TO BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

The Declaration of Robert L. Rattet, a member of Davidoff Hutcher & Citron LLP, counsel for Nir Meir, respectfully declares, under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of Davidoff Hutcher & Citron LLP, counsel for Nir Meir.

2. This Declaration is submitted in support of the Motion of Nir Meir to transfer this case to the United States Bankruptcy Court for the District of Delaware.

3. Annexed hereto as Exhibit "A" is a copy of the Notice of Removal.

4. This civil action was initiated by the removal of the action previously pending in the Supreme Court of the City of New York, County of New York (the "State Court").

encaptioned <u>YH Lex Estates LLC, Plaintiff v. Nir Meir, Ranee A. Bartolacci, And Ermitage One, LLC</u>, Index No. 151267/2022 to the United States District Court for the Southern District of New York on April 7, 2022, which assigned case no. 22-cv-2886. A copy of the Petition, Order To Show Cause entered February 16, 2022 (the "February 16, 2022 Order To Show Cause"), the Affirmation of Mark H. Hatch-Miller In Support of said Order To Show Cause, and supporting Exhibits are collectively referred to as the "State Court Proceeding" or "Removed Action" and are annexed to the Notice of Removal as Exhibit "1".

5. On April 8, 2022, the SDNY District Court automatically transferred the Removed Action to this Court.

6. Because underlying bankruptcy cases of EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC (collectively, the "Debtors"), the initial transferees of the alleged fraudulent conveyances which are the primary subject matter of the Removed Action (and therefore owners of the underlying causes of action as property of their estates within the meaning of Section 541 of the Bankruptcy Code) and entities of which Nir Meir is a principal, are pending in Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") this matter should be directly transferred to the Bankruptcy Court for the District of Delaware for ultimate adjudication.

## REMOVAL OF THE STATE COURT PROCEEDING WAS PROPER AND TIMELY

7. Pursuant to 28 U.S.C. Section 1334(d), and Administrative Order 2012-25 of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. Section 157, the Bankruptcy Court has exclusive jurisdiction over allowance and disallowance of claims

as well as exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case, and of property of the estate.

8. Consequently, the above captioned action, which involves the disposition of property of the Debtors (in which Nir Meir has an interest) as well as the proper administration of the Debtors' bankruptcy estates, should be transferred by this Court, under 28 U.S.C. § 1412, to the United States Bankruptcy Court for ultimate determination.

9. In order to properly remove these proceedings to this Court, Bankruptcy Rule 9027 requires that the proceedings first be removed from the court in which the proceeding is pending to the United States District Court in the District in which the state court proceedings were pending at the time. Thereafter, Nir Meir, the party removing the Removed Action, seeks to transfer the matter to the district in which the Title 11 proceedings are pending, to wit, the District of Delaware.

10. Since the SDNY District Court already transferred this matter to the Bankruptcy Court, Nir Meir requests that this Court simply transfer the matter to the Delaware Bankruptcy Court.

**THIS ACTION WAS PROPERLY REMOVED AND
TRANSFER IS SOUGHT TO THE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

**A.    PROCEDURE FOR REMOVAL AND TRANSFER**

11. 28 U.S.C. §1452, governing removal, provides as follows:

> § 1452. Removal of claims related to bankruptcy cases
>
> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if

such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

12. Thus, the matter must first be removed to the District Court sitting in the district where the originating State Court is located. This has already been done. The SDNY District Court, in turn, automatically transferred the Removed Action to this Court. Since the purpose of removal is to centralize litigation concerning the Debtors and Nir Meir in this proceeding in the Court handling the Debtors' bankruptcy proceedings, the general practice is for the affected debtors to seek to transfer the matter to the District Court where the bankruptcy proceedings are being administered. Since, however, the matter was already transferred to this Court, this Court can simply transfer the Removed Action to the Delaware Bankruptcy Court at this time.

B. **PLAINTIFF'S CLAIMS BELONG TO THE DEBTORS' CHAPTER 7 BANKRUPT ESTATES**

13. The claims asserted in the State Court Special Proceeding, annexed to the Notice of Removal (Exhibit "A") as Exhibit "1" relate to Plaintiff's' allegations that (a) the Debtors are owned by Nir Meir and (b) certain alleged transfers of property by the Debtors are voidable as fraudulent conveyances.

14. Since, as discussed in the accompanying Memorandum of Law the right to assert that such alleged transfers are voidable, and the underlying claims thereto, are property of the Debtors' bankrupt estates. See 11 U.S.C. §541. In addition, the issue of ownership of the Debtors is essential to the proper administration of the Debtors' Chapter 7 cases.

15. It is especially appropriate, therefore, to centralize all closely related litigation in a single forum - the Bankruptcy Court.

16. For that reason, and reasons of judicial economy, the motion to transfer venue should be granted.

**WHEREFORE,** Nir Meir respectfully requests that the Court transfer the Removed Action to the Delaware Bankruptcy Court, together with such other and further relief as is just and proper under the circumstances.

Dated: April 8, 2022

/s/ Robert L. Rattet

_____

ROBERT L. RATTET