DAVIDOFF HUTCHER & CITRON LLP
*Attorneys* for *Nir Meir*
605 Third Avenue
New York, New York 10158
(212) 557-7200
ROBERT L. RATTET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YH LEX ESTATES LLC,                             Adv. Pro. No.
                                                22-01077(JLG)

                Petitioner,        (Removed Proceeding)

     -against-

NIR MEIR, RANEE A. BARTOLACCI, and
ERMITAGE ONE, LLC,

                Respondents.

-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER REMOVED CIVIL ACTION TO BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

**DAVIDOFF HUTCHER & CITRON LLP**
*Attorneys for Nir Meir*
**605 Third Avenue
New York, New York 10158
(212) 557-7200**

# TABLE OF CONTENTS

POINT I ............................................................................................................................. 2
THE DISTRICT COURT AND BANKRUPTCY COURT HAVE SUBJECT MATTER JURISDICTION OVER THE REMOVED CIVIL ACTION ...................................................... 2
POINT II ............................................................................................................................ 5
TRANSFER OF THIS PROCEEDING TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE IS APPROPRIATE ................................................................. 5
   A.   PROCEDURE FOR REMOVAL AND TRANSFER ....................................... 5
   B.   THE BANKRUPTCY COURT PRESIDING OVER DEBTORS' CHAPTER 7 CASES HAS EXCLUSIVE JURISDICTION OVER CORE MATTERS AND THUS REMAND IS NOT APPROPRIATE ............................................................................................ 7
   C.   PLAINTIFF'S CLAIMS ARE PROPERTY OF DEBTORS' ESTATES AND SHOULD BE ADJUDICATED IN DEBTORS' CHAPTER 7 PROCEEDINGS ................... 10
CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**
Berman, Tr. for Est. of Michael S. Goldberg, LLC v. LaBonte, 622 B.R. 503, 527 (Bankr. D. Conn. 2020) ............................................................................................................... 8
California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004) ......... 5
Hart v. Bello, No. 11 CIV. 67 RMB, 2011 WL 1584577 (S.D.N.Y. Apr. 27, 2011) ..................... 3
In re Barkany, 542 B.R. 662 (Bankr. E.D.N.Y. 2015) ................................................................... 7
In re Greenberg, 266 B.R. 45 (Bankr. E.D.N.Y. 2001) ................................................................. 9
In re Ideal Mortg. Bankers, Ltd., 539 B.R. 409, 433 (Bankr. E.D.N.Y. 2015) .............................. 7
In re Iridium Operating LLC 285 B.R. 822, 830 -831 (S.D.N.Y.,2002) ....................................... 7
In re Keene Corp., 164 B.R. 844, 850 (Bankr. S.D.N.Y. 1994) ............................................... 7, 8
In re Lehr Constr. Corp., 2015 WL 5174467 (Bankr. S.D.N.Y. 2015) ......................................... 9
In re Madoff, 848 F. Supp. 2d 469, 487 (S.D.N.Y. 2012) ......................................................... 8, 9
In re Ryan & Jane Ltd., 2016 WL 3742005 (Bankr. S.D.N.Y. July 5, 2016) ................................ 9
In re Trevino, 599 B.R. 526, 546 (Bankr. S.D. Tex. 2019) ........................................................... 5
In re Virginia True Corp., No. 19-42769, 2020 WL 1696103, at *5 (Bankr. E.D. Va. Mar. 30, 2020) ............................................................................................................................ 3
In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 330 (S.D.N.Y. 2003) ......................................... 6
Lothian Cassidy LLC v. Ransom, 428 B.R. 555, 561 (E.D.N.Y. 2010) ........................................ 6
Novak, Tr. for Estate of OnlineAutoParts.com, LLC v. Parts Auth., LLC, No. 20-CV-2948 (JS), 2020 WL 4034897, at *1 (E.D.N.Y. July 16, 2020) ...................................................... 6
Tallo v. Gianopoulos, 321 B.R. 23 (E.D.N.Y. 2005); ................................................................... 3

**Statutes**
28 U.S.C. § 157(a) ......................................................................................................................... 2
28 U.S.C. § 157(a). ........................................................................................................................ 7
28 U.S.C. §§157 (2)(B) .................................................................................................................. 2

28 U.S.C. §§157(b)(1) ................................................................................................................ 2
28 U.S.C. §1334 (b) ................................................................................................................... 2
28 U.S.C. §1334(a) .................................................................................................................... 2
28 U.S.C. §1452 ..................................................................................................................... 4, 5
28 U.S.C. §157 (b) ..................................................................................................................... 2
28 U.S.C. §157(a) ...................................................................................................................... 2
28 U.S.C. §157(b)(2)(B). ........................................................................................................... 1

**Rules**
Fed.R. Bankr.P. Rule 9027 ......................................................................................................... 4

The issues to be determined on this application are quite simple: 1) does the District Court have subject matter jurisdiction over "core" bankruptcy matters, i.e. the determination of alleged fraudulent conveyances ("Core Matter Jurisdiction"), or cases involving jurisdiction of cases "related to" bankruptcy proceedings ("Related Matter Jurisdiction"), though not statutorily defined as "core" matters; and 2) can the District Court refer the administration of civil cases within Core Matter Jurisdiction and/or Related Matter Jurisdiction to the Bankruptcy Court in which the Title 11 case is pending for administration? These questions must be answered in the affirmative. The causes of action in the underlying State Court Proceeding are property of the Chapter 7 bankrupt estates of EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC (collectively, the "Debtors"), of which Nir Meir is a principal. Matters involving the determination of alleged fraudulent conveyances made by debtors are core bankruptcy matters. See 28 U.S.C. §157(b)(2)(H). Matters involving the determination of claims against debtors are also core bankruptcy matters. See 28 U.S.C. §157(b)(2)(B).

Nir Meir, a named party and respondent in the removed State Court Proceeding (defined below) removed this Action in the interest of judicial economy to centralize all litigation concerning said claims in the appropriate venue, the Bankruptcy Court for the District of Delaware. A copy of the Notice of Removal is annexed to the Rattet Declaration as Exhibit "A".[1] The complaint in the State Court Action is annexed to the Notice of Removal (Exhibit "A") as Exhibit "1".

This Memorandum of Law is submitted in support of Nir Meir's motion to transfer this case from this Court to the Bankruptcy Court for the District of Delaware.

---

[1] Unless otherwise defined all capitalized terms refer to terms defined in the Rattet Declaration. All exhibit references refer to attachments to the Rattet Declaration.

1

**STATEMENT OF FACTS**

The facts relevant to this Motion are set forth in the accompanying Declaration of Robert L. Rattet (the "Rattet Declaration") dated April 8, 2022.

**POINT I**

**THE DISTRICT COURT AND BANKRUPTCY COURT HAVE SUBJECT MATTER JURISDICTION OVER THE REMOVED CIVIL ACTION**

Subject matter jurisdiction is granted by 28 U.S.C. §1334(a) and (b) which state:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. §157(a) grants authority to the district court to "provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

28 U.S.C. §157 (b) creates a nonexclusive list of proceedings that are designated as "core proceedings" that are typically referred to bankruptcy judges. 28 U.S.C. §§157(b)(1) and (2)(B), (H) and (O) state:

> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> (H) proceedings to determine, avoid, or recover fraudulent conveyances;

2

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." (emphasis added).

Pursuant to 28 U.S.C. § 157(a) and the Permanent Order of Reference of the United States District Court for the Southern District of New York, the Bankruptcy Court has exclusive jurisdiction over the allowance and disallowance of claims as well as exclusive jurisdiction over all of the property, wherever located, of the debtor as of the commencement of the case, and of property of the estate. Further, the Bankruptcy Court has exclusive jurisdiction over proceedings arising in or related to the pending bankruptcy case. Consequently, the above-captioned action, which involves the determination of Nir Meir's interests in the Debtors, alleged voidable transfers, as well as the proper administration of the Debtors' bankruptcy estate, should be transferred to the Bankruptcy Court. See, e.g. Tallo v. Gianopoulos, 321 B.R. 23 (E.D.N.Y. 2005); Hart v. Bello, No. 11 CIV. 67 RMB, 2011 WL 1584577, at *5 (S.D.N.Y. Apr. 27, 2011) ("Transfer of the case to the Eastern District of New York is appropriate. Tallo, 321 B.R. at 29 (citing In re Enron Corp., 317 B.R. 629, 642 (Bankr.S.D.N.Y.2004); MD Acquisitions, 2009 U.S. Dist. LEXIS 13549 at *12, 2009 WL 466383. First and foremost, "[t]he weight normally attached to the plaintiff's choice of forum is effectively cancelled out ... by the presumption that the proceeding should be heard in the same district as the underlying bankruptcy."); In re Virginia True Corp., No. 19-42769, 2020 WL 1696103 (Bankr. E.D. Va. Mar. 30, 2020) ("Having concluded that the Court has jurisdiction to consider the motions, the Court must next determine whether it should consider the Motion to Transfer prior to the Motion for Remand. "[A] split of authority exists concerning whether a remand request must first be adjudicated prior to a sought-after transfer." Nelson v. Kanawha Eagle Mining, LLC (In re Patriot Coal Corp.),

3

Adv. Pro. No. 2:17-ap-02006, 2017 Bankr. LEXIS 1112, at *3 (Bankr. S.D. W. Va. Apr. 24, 2017). "[A] court may, after deciding the issue of jurisdiction, instead exercise its discretion to transfer the case and permit the home bankruptcy court to decide the issue of remand." Tallo v. Gianopoulos, 321 B.R. 23, 28 & n.3 (E.D.N.Y. 2005). "Permitting the bankruptcy court to decide the motion for remand is in accord with the strong presumption in favor of placing venue in the district where the bankruptcy proceedings are pending." Id. (citing Enron Corp. v. Arora (In re Enron Corp.), 317 B.R. 629, 642 (Bankr. S.D.N.Y. 2004)).").

On April 7, 2022, the above captioned state court proceeding ("Removed Action", or "State Court Proceeding") was removed to the SDNY District Court under index no. 22-cv-2886. Fed.R. Bankr.P. Rule 9027(a)(2) provides:

> (2) Time for filing; civil action initiated before commencement of the case under the code
>
> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Since the State Court Proceeding was pending as of the dates of the Debtors' Chapter 7 filings, i.e. April 6, 2022, and the automatic stay has never been terminated, the filing of the removal petition was timely.

The Court should note that this removal is pursuant to 28 U.S.C. §1452, relating to bankruptcy proceedings, and not 28 U.S.C. §1446, relating to non-bankruptcy removal. The above captioned action is a civil action of which the Bankruptcy Court has original jurisdiction under the provisions of 28 U.S.C. Section 1334 and is one which may be removed by parties to the State Court Proceeding pursuant to the provisions of 28 U.S.C. Section 1452 in that the

4

matter in controversy is a civil action related to a bankruptcy case.

## POINT II

## TRANSFER OF THIS PROCEEDING TO THE BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE IS APPROPRIATE

    A.    **PROCEDURE FOR REMOVAL AND TRANSFER**

28 U.S.C. §1452, governing removal, provides as follows:

> A. § 1452. Removal of claims related to bankruptcy cases
>
> (a)  A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b)  The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Thus, the matter was first removed to the SDNY District Court, which thereafter automatically transferred the Removed Action to this Court. Therefore this Court should simply transfer the Removed Action directly to the Delaware District Court.

The purpose of removal is to centralize litigation concerning Meir and the Debtors, whose Chapter 7 estates own the causes of action asserted in the State Court Proceeding and the issue of their ownership as raised in the first cause of action is central to the administration of their Chapter 7 estates, in the bankruptcy court handling the Debtors' bankruptcy proceedings. See e.g. California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004) ("…in its every detail, Section 1452(a) is designed to further Congress's purpose of

5

centralizing bankruptcy litigation in a federal forum.:); In re Trevino, 599 B.R. 526, 546 (Bankr. S.D. Tex. 2019) (collecting cases, "Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004) (finding that Congress intended for bankruptcy litigation to be centralized in a federal forum); Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 117 (2d Cir. 1992) (holding that Code policy favors centralized administration of claims in bankruptcy court)); In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 330 (S.D.N.Y. 2003) (…Section 1452(a) reflects a preference for coordinating bankruptcy-related actions in the federal courts."). The general practice is for the affected debtor to seek to transfer the matter to the District Court where the bankruptcy proceedings are being administered. See also Lothian Cassidy LLC v. Ransom, 428 B.R. 555, 561 (E.D.N.Y. 2010) ("[T[he Second Circuit has held that the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." The Court in Novak, Tr. for Estate of OnlineAutoParts.com, LLC v. Parts Auth., LLC, No. 20-CV-2948 (JS), 2020 WL 4034897, at *1 (E.D.N.Y. July 16, 2020) stated:

> Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Here, the Court finds that "judicial economy and the interests of justice are best served by transfer of this case" to the District of Connecticut.[3] Bank of Am., N.A. v. Wilmington Tr. FSB, 943 F. Supp. 2d 417, 427 (S.D.N.Y. 2013) (sua sponte transferring case to the district court where underlying bankruptcy matter was pending).
>
> Novak, Tr. for Estate of OnlineAutoParts.com, LLC v. Parts Auth., LLC, No. 20-CV-2948 (JS), 2020 WL 4034897, at *1 (E.D.N.Y. July 16, 2020)

Thus, transfer to the District of Delaware Bankruptcy Court, would be appropriate.

6

B.  **THE BANKRUPTCY COURT PRESIDING OVER DEBTORS' CHAPTER 7 CASES HAS EXCLUSIVE JURISDICTION OVER CORE MATTERS AND THUS REMAND IS NOT APPROPRIATE**

Nir Meir respectfully submits that the determination of whether transfers are potentially voidable as fraudulent conveyances has been determined by Congress to be a "core proceeding". The jurisdiction of the bankruptcy court over "core proceedings" is set forth in 28 U.S.C. § 157(b)(2)(H). The U.S. District Court exercised its power to refer the within proceedings to the Bankruptcy Court, which in turn has the ability to transfer the Removed Action to the Bankruptcy Court having jurisdiction over the Debtors' Chapter 7 cases when such claims are at the heart of the administration of their bankruptcy estates. "Cases" under Title 11 and civil proceedings which are "core proceedings" may be referred by the district courts to the bankruptcy judges under Section 157(a) to be heard and determined by the bankruptcy judges. 28 U.S.C. § 157(a).

In 28 U.S.C. § 157(b)(2), Congress provided a non-exclusive list of proceedings which it deemed core. The instant proceedings constitute "core proceedings" within the meaning of 28 U.S.C. Sections 157(b)(2)(A), (H) and (O). The State Court Proceeding concerns, inter alia, whether alleged initial transfers by the Debtors are voidable under 11 U.S.C. §§544(b) and/or 548.

See, e.g. In re Barkany, 542 B.R. 662 (Bankr. E.D.N.Y. 2015):

> "Only the trustee has standing to pursue such claims postpetition for the benefit of a debtor's bankruptcy estate. As such, creditors do not have standing postpetition to pursue a fraudulent conveyance action against the recipients of an avoidable transfer of a debtor's property. Keene Corp., 164 B.R. at 851 (noting that with respect to claims against those who have misused the debtor's property, "[t]he Bankruptcy Code authorizes the trustee to prosecute such claims for the benefit of all creditors, and necessarily deprives individual creditors of standing to pursue the same claims for their sole benefit"); St. Paul Fire and Marine Ins. Co. v. PepsiCo., Inc., 884 F.2d 688, 701–02 (2d Cir.1989).

7

In re Barkany, 542 B.R. 662, 688 (Bankr. E.D.N.Y. 2015).

See also In re Ideal Mortg. Bankers, Ltd., 539 B.R. 409, 433 (Bankr. E.D.N.Y. 2015)((citing) "Keene Corp. v. Coleman (In re Keene), 164 B.R. 844, 851 (Bankr.S.D.N.Y.1994) (noting that with respect to claims against those who have misused the debtor's property, "[t]he Bankruptcy Code authorizes the trustee to prosecute such claims for the benefit of all creditors, and necessarily deprives individual creditors of standing to pursue the same claims for their sole benefit"); St Paul Fire and Marine Ins. Co. v. Pepsi Co., Inc., 884 F.2d 688, 701–02 (2d Cir.1989).

The case In re Keene Corp., 164 B.R. 844, 850 (Bankr. S.D.N.Y. 1994) holds:

> Colonial Realty forecloses creditor claims based upon the fraudulent transfer of Keene's assets.[6] (FN Text "This conclusion would also apply to the transfer of Bairnco's assets (i.e., the spun off stock). The theory of the second generation fraudulent transfer is that Bairnco and Keene are alter egos, and Bairnco's assets are available to satisfy Keene's creditors.) Where a Keene creditor seeks to recover his or her claim from a transferee of Keene's property, the creditor's action is stayed by Section 362(a)(1). Instead, the trustee alone has standing to assert such claims, 11 U.S.C. § 544, and this result promotes the principle of equitable distribution.

See also In re Madoff, 848 F. Supp. 2d 469, 487 (S.D.N.Y. 2012), aff'd sub nom, In re Bernard L. Madoff Inv. Sec. LLC, 740 F.3d 81 (2d Cir. 2014):

> A Bankruptcy Court's power to enjoin litigation by creditors against third parties extends to situations where "creditors ... assert general, indirect claims in order to achieve a greater distribution on a first come, first serve basis from assets which the trustee has standing to recover, and which, if recovered, will be available to satisfy the claims of all creditors." In re Keene Corp., 164 B.R. 844, 854 (Bankr.S.D.N.Y.1994)");  ("However, a bankruptcy court may enjoin actions that are derivative or duplicative of claims brought by the trustee, or that could have been brought by the trustee in the first instance.

Thus, the court handling the Debtors' bankruptcy proceedings has jurisdiction over the

8

determination and/or disposition of the claims at issue in the State Court Proceeding. See also Berman, Tr. for Est. of Michael S. Goldberg, LLC v. LaBonte, 622 B.R. 503, 527 (Bankr. D. Conn. 2020) ("Property of the estate under § 541[a][1] 'includes all kinds of property, including tangible or intangible property, causes of action ... and all other forms of property....' "; see also In re Keene Corp., 164 B.R. 844, 852 (Bankr. S.D.N.Y. 1994)("If the trustee has standing to assert the claim for the benefit of the estate, no individual creditor can assert the claim unless it has been abandoned or the creditor obtains relief from the automatic stay."). ("The Trustee has the right to assign its avoidance powers. In re Greenberg, 266 B.R. 45 (Bankr. E.D.N.Y. 2001). As a matter of bankruptcy and property law, the Trustee's rights here were exclusive and alienable.").

The Court in In re Lehr Constr. Corp., 2015 WL 5174467 (Bankr. S.D.N.Y. 2015) stated:

> "Additionally, "a bankruptcy court may enjoin actions that are derivative or duplicative of claims brought by the trustee, or that could have been brought by the trustee in the first instance." In re Madoff, 848 F.Supp.2d at 488 (citing In re Dreier LLP, 429 B.R. 112, 133–34 (Bankr.S.D.N.Y.2010) ("[T]he Court has the jurisdiction ... to bar general creditors ... from recovering their claims ... where their claims are based on the debtors' misconduct, and there is no independent basis for an action against [a third party defendant] other than its receipt of the transfers from [the debtor]."); Mrs. Weinberg's Kosher Foods, Inc., 278 B.R. at 365 ("The settlement extinguishes the settled claims and in approving [the settlement] the court may enjoin creditors from prosecuting the settled claims derivatively in another court.") (citing In re Ionosphere Clubs, Inc., 17 F.3d at 604, 607)."

The Court in In re Ryan & Jane Ltd., 2016 WL 3742005 (Bankr. S.D.N.Y. July 5, 2016), relying on Madoff, Id. stated:

> "Given its ability to sue the Debtors' Principals for these claims, the Trustee also has the authority to settle those claims. In settling a claim that belongs to the estate, a court can approve a trustee's settlement agreement and issue an order to extinguish the settled

9

claims. See In re Mrs. Weinberg's Kosher Foods, Inc., 278 B.R. 358, 365 (Bankr.S.D.N.Y.2002) (citing Sobchack v. Am. Nat'l Bank & Trust Co. of Chi. (In re Ionosphere Clubs, Inc.), 17 F.3d 600, 604 (2d Cir.1994)). Additionally, "a bankruptcy court may enjoin actions that are derivative or duplicative of claims brought by the trustee, or that could have been brought by the trustee in the first instance." In re Madoff, 848 F.Supp.2d at 488 (citing In re Dreier LLP, 429 B.R. 112, 133–34 (Bankr.S.D.N.Y.2010) ("[T]he Court has the jurisdiction ... to bar general creditors ... from recovering their claims ... where their claims are based on the debtors' misconduct, and there is no independent basis for an action against [a third party defendant] other than its receipt of the transfers from [the debtor]."); In re Mrs. Weinberg's Kosher Foods, 278 B.R. at 365 ("The settlement extinguishes the settled claims ... and in approving it, the court may enjoin creditors from prosecuting the settled claims derivatively in another court.") (citing In re Ionosphere Clubs, 17 F.3d at 604, 607)."

Since claims being advanced by Plaintiff in the State Court Proceeding allege voidable transfers initially made by the Debtors, the Debtors' trustees have the sole and exclusive right to prosecute these claims, in their "home" bankruptcy court.

C. **PLAINTIFFS' CLAIMS SHOULD BE ADJUDICATED IN DEBTORS' CHAPTER 7 PROCEEDINGS**

As set forth below, the determination of Plaintiffs' claims – both as to the issue of ownership of the Debtors raised by Plaintiffs in the First Cause of Action and the issue of fraudulent conveyance which comprise the remainder of the causes of action - is highly material to the administration of the Debtors' bankruptcy cases and the determination of Nir Meir's interests, if any, in the Debtors. The above captioned proceeding thus constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (H),  and (O) in that the action concerns (i) the disposition of alleged property of the Debtors' estates, (ii) the determination of alleged voidable transfers made by the Debtors, and (iii) the ability of the Debtors' trustee(s) to administer the cases under Chapter 7 of the Bankruptcy Code.

10

## CONCLUSION

For the reasons stated in this Memorandum and in the Rattet Declaration, the Court should approve the direct transfer of this Action to the Bankruptcy Court for the District of Delaware.

Dated: New York, New York
      April 8, 2022

DAVIDOFF HUTCHER & CITRON LLP

By: */s/ Robert L. Rattet*
    Robert L. Rattet
605 Third Avenue
New York, New York 10158
(212) 557-7200
rlr@dmlegal.com
*Attorneys for Nir Meir*