**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy Klestadt
Kathleen M. Aiello

**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
Mark H. Hatch-Miller
Jennifer Dayrit

*Counsel to Petitioner, YH Lex Estates LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
YH LEX ESTATES LLC,                          :
                                             :
            Plaintiff,              :
                                             :
            -against-              :
                                             :   Adv. Pro. No. 22-01077 (JLG)
NIR MEIR, RANEE A. BARTOLACCI,               :
ERMITAGE ONE, LLC,                           :
                                             :
            Defendants.             :
---------------------------------------------------------------x

**DECLARATION OF MARK HATCH-MILLER, ESQ. IN SUPPORT OF YH LEX
ESTATES LLC'S ORDER TO SHOW CAUSE RELATING TO ITS EMERGENCY
<u>MOTION FOR AN ORDER OF REMAND</u>**

MARK HATCH-MILLER, an attorney duly admitted to practice laws before the Courts of the State of New York and the United States District Court for the Southern District of New York, declares the following under penalty of perjury:

1.  I am a member of Susman Godfrey, P.C., counsel for Petitioner, YH Lex Estates, LLC ("YH"), in the above-captioned case. I am familiar with the facts and circumstances surrounding this case based upon my discussions with YH and as counsel of record for the Petitioner in the underlying Proceeding (defined below) and related cases since November 2020.

2.  I respectfully submit this declaration in support of YH's Order to Show Cause why the Court should not grant YH's motion (the "Motion") for an order (i) remanding this proceeding to the Supreme Court of the State of New York, County of New York (the "Supreme Court"); (ii) awarding YH its fees and costs in making the Motion, and (iii) granting YH such other and further relief as this Court deems just and proper, on an emergency basis.

3.  Details of the underlying facts are further set forth in the accompanying memorandum of law in support of the Motion.

4.  By the Motion, YH seeks remand of a proceeding captioned, *YH Lex Estates LLC v. Nir Meir, Ranee A. Bartolacci and Ermitage One, LLC*, Index No. 151267/2022 (Sup. Ct. N.Y. Cty.), Justice Joel M. Cohen presiding (the "Proceeding"), which is pending in the Supreme Court of the State of New York, County of New York (the "Supreme Court"). The Proceeding concerns an interspousal fraudulent transfer scheme through which Nir Meir ('Meir") attempted to divest himself of assets before YH could get a judgment. The Proceeding emanated from a related financial instrument case before the Supreme Court, captioned *YH Lex Estates LLC v. HFZ Capital Group LLC, Ziel Feldman and Nir Meir*, Index No. 655980/2020 (Sup. Ct. N.Y. Cty., filed Nov. 3, 2020), in which Justice Cohen entered a nearly $20 million judgment against Defendant/Judgment Debtor Meir in June 2021 (the "HFZ Supreme Court Action").

5.  Meir filed a notice of removal in the Proceeding to this Court on the same day that he caused non-parties, EAM Meadow Lane LLC ("EAM") and EZL 40 Meadow Lane ("EZL"),

to file separate bankruptcy proceedings under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which are pending as Case Nos. 22-10293 (BLS) and 22-10294 (BLS), respectively (the "Bankruptcy Cases"), the Honorable Brendan L. Shannon presiding. Meir is the sole member of both EAM and EZL and the state court already concluded Meir is judicially and equitably estopped from denying he is the sole member/owner of these entities. On April 6, 2022, the Bankruptcy Court appointed George Miller (the "Chapter 7 Trustee") as the Chapter 7 Trustee of the Debtors' Bankruptcy Cases.

6. There is abundant evidence that the Removal Notice was strategically timed to disrupt the Proceeding.

7. For more than four months, Respondent Ranee A. Bartolacci ("Bartolacci"), Meir's wife, has gone to extraordinary lengths to evade her deposition. Justice Cohen bent over backwards to give her the process that her and Meir's joint counsel at the time said she was due, which led to the filing of the Petition and commencement of the special proceeding against Bartolacci in February 2022. Justice Cohen ordered Bartolacci to comply with long overdue document requests and subpoenas by Friday, April 1, 2022. Bartolacci failed to comply. Justice Cohen further ordered Bartolacci to appear for her deposition on Friday, April 8, 2022, in advance of a trial he had scheduled on the Petition for May 2, 2022 (which date had been postponed at the special request of Bartolacci's new counsel). Remarkably, but not surprisingly, on April 6, 2022, Meir initiated his latest stunt, causing EZL and EAM to file a defective Notice of Removal. Counsel for Bartolacci immediately declared that she would not be producing documents and would not appear for her deposition—i.e., that she intended to disregard Justice Cohen's orders.

8. The Bankruptcy Cases were filed for the strategic purpose of manufacturing an excuse to disrupt the Proceeding against Meir's wife Bartolacci and her entity, Respondent

3

Ermitage One LLC ("Ermitage"). When the Removal Notice was filed, Bartolacci and Ermitage were expected to substantially complete their document production obligations (which would have included a privilege log reflecting communications between Bartolacci and Meir about the allegedly fraudulent transfers) within *minutes or hours*. Now, Bartolacci is using the Removal Notice as an excuse not to produce anything, when in fact even an effective removal notice would not provide any such excuse. The Removal Notice was filed only a few days before Bartolacci's already long-delayed deposition, which was supposed to happen today, April 8, 2021.

9. The timing of and motivation for the Removal Notice have nothing to do with the merits of whether this Proceeding belongs in this Court (it does not) and everything to do with the Respondents' dilatory tactics to delay the Proceeding and to avoid a decision on the merits at the trial scheduled to commence before Justice Cohen in a matter of weeks, on May 2, 2022.

10. The Chapter 7 Trustee does not appear to have played any role in Meir and his counsel's decision to try to remove the Proceeding for the purported benefit of the Debtors. Meir and his counsel are thus hijacking the exclusive role of the Chapter 7 Trustee, if there is one.

11. At a conference before Justice Cohen, on April 7, 2022, the Court observed, among other things, that the Notice of Removal was likely a nullity because it had not been filed by a party. Meir, a party to the Proceeding, then filed a second Notice of Removal to remove the action to a court with connection to the Bankruptcy Cases, which are wholly unrelated to the Proceeding.

12. There is absolutely no coincidence that Meir has pulled his latest stunt on the eve of Bartolacci's deposition, the culmination of his concerted effort to evade the Judgment since June 2021 in furtherance of his and Bartolacci's interspousal fraud scheme. The current filing is merely Meir and Bartolacci's latest effort to evade the Judgment through frivolous filings, fraud, decipt and blatantly

4

unethical and illegal debt and judgment avoidance practice. In a word, Meir and Bartolacci come before this Court with unclean hands.

13. As set forth in YH's Motion, this Court lacks jurisdiction under the removal statutes to hear this proceeding, which should be remanded to the Supreme Court, where it was originally filed.

14. YH is compelled to seek emergency relief because Meir's Notice of Removal of the Proceeding to this Court would result in the matter being transferred to the United States District Court of Delaware and then referred to the United States Bankruptcy Court for the District of Delaware, where the Bankruptcy Cases are pending. A transfer of this Proceeding to anywhere but the Supreme Court is inappropriate since the Debtors are not parties to the Proceeding and the Proceeding does not implicate property of the Debtors' estates.

15. Removal at this late stage of the Proceeding would cause significant delays to YH's ability to enforce its Judgment and its ability to proceed to trial, which is scheduled for a date just a few weeks from now.

16. Moreover, Meir's Removal is purely a tactic to delay the Proceeding and the potential recourse against Bartolacci and Ermitage, to whom he secreted his assets. Any delay in remanding the Proceeding to the Supreme Court will afford Bartolacci, personally and through Ermitage, ample opportunity to further shuffle their assets and funds in order to evade and obstruct YH's recovery of those assets while Meir uses the guise of the Bankruptcy Cases filed by non-parties to the Proceeding to distract from the merits of YH's claims against Bartolacci and Ermitage in the Proceeding.

17. Meir's history of diverting assets and funds among his various entities and through his relatives, ignoring corporate formalities and attempting to evade his creditors makes it all but

5

certain that any assets Meir has access to, through Bartolacci and Ermitage, will no longer be available if and when YH prevails in its efforts. As such, it is imperative that the Court entertain this application on an emergency basis.

18. No other application for similar relief has been secured or sought in this action and no prior request has been made for the relief sought herein.

19. For all the foregoing reasons, I respectfully submit that YH's proceeding on an expedited basis is fair, appropriate and necessary under the circumstances, and the notice is if there is such a role.

20. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated:   New York, New York
         April 8, 2022

                                                          */s/ Mark Hatch-Miller*
                                                          Mark Hatch-Miller, Esq.