

New York | Los Angeles | Irvine
Dallas | Miami | China

WWW.YKLAW.US

32 East 57th Street, 8th Floor
New York, NY 10022
www.yklaw.us | 212.837.2600

***PANKAJ MALIK***
*Partner*

April 11, 2022

**Via ECF & Electronic Mail**
The Hon. James L. Garrity, Jr.
United States Bankruptcy Court,
Southern District of New York
One Bowling Green
New York, NY 10004-1408
garrity.chambers@nysb.uscourts.gov

Re:   Case No. 22-01077 (JLG)
      **YH Lex Estates LLC v. Nir Meir, Ranee A. Bartolacci, and Ermitage One, LLC**

Greetings:

I am the lead counsel representing Defendants Ranee A. Bartolacci ("Bartolacci") and Ermitage One, LLC ("Ermitage"), in connection with the above referenced matter. I write to request guidance on how this Court will proceed with the orders that were issued while this action was pending the Supreme Court of New York, New York County (Index No. 151267/2022).

Prior to Defendant Nir Meir's removal of this action to the District Court for the Southern District of New York, and that Court's transfer of the action to this Court, Plaintiff YH Lex Estates LLC had filed an Order to Show Cause in the state court ("State Court OSC"), seeking judgment in this matter. On March 16, 2022, the parties appeared for a virtual hearing and the Hon. Joel Cohen issued an order extending Defendants' time to respond to the State Court OSC to April 15, 2022 and Plaintiff's time to reply to April 22, 2022. See March 16 Hearing Tr. at 34:20-21, relevant excerpt annexed as Exhibit A. When Meir filed his notice of removal, the State Court OSC was still pending and none of Defendants had filed opposition.

28 U.S.C. § 1450 provides that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Applying Section 1450, the signed State Court OSC (copy annexed as Exhibit B) and the order setting a due date for Bartolacci and Ermitage's response (see Exhibit A) are still in effect. However, Plaintiff has filed an Order to Show Cause to remand in this Court that is

scheduled to be heard on April 21, 2022 (Dkt. # [10]), with opposition due on the 14th. Accordingly, we request that the Court indicate whether it will entertain a request to modify the state court's prior orders to extend the time for the parties to brief the State Court OSC.

      Mr. Meir removed the action to this Court pursuant to 28 U.S.C. § 1452, the statute that provides for removal based on the removed action's relationship to one or more bankruptcy proceedings. The matter in controversy is a special proceeding related to two bankruptcy proceedings filed last week in the Bankruptcy Court for the District of Delaware. The bankruptcy proceedings include petitions filed by EAM 40 Meadow Lane LLC ("EAM") under Case No. 22-10293, and one filed by EZL 40 Meadow Lane LLC ("EZL") under Case No. 22-10294.

      At the time of removal, the parties were conducting discovery, Ms. Bartolacci was scheduled to be deposed on Friday, April 8, 2022, and our office was in the process of preparing amended responses to subpoenas served on our clients, including reviewing substantial production from our clients and compiling privilege logs. To avoid a potential violation of the automatic stays imposed by Case Nos. 22-10293 and 22-10294, our office sought to cancel the deposition, held Defendants' production in abeyance and would like to seek an extension of our time to oppose the State Court OSC.

      Fed. R. Bankr. P. 9027(e) provides that parties to a proceeding that has been removed "shall proceed no further in that court [from which the proceeding was removed] unless and until the claim or cause of action is remanded." Applying that rule, any discovery, in addition to any processes in connection with the State Court OSC, should not proceed unless the Court remands this case. However, Plaintiff demands in multiple emails that we simply ignore all these concerns and proceed as if this case had not been removed.

      For that reason, pursuant to Local Rule 7007-1(b) and the Honorable Judge Garrity's rules, we respectfully request that this Court schedule a conference to address our dispute with Plaintiff regarding how to proceed with discovery and to request an extension of time to oppose the State Court OSC.

      Thank you for your attention to this matter.

Very Truly Yours,<br>
/s/ Pankaj Malik<br>
Pankaj Malik

CC:    All counsel of record via ECF & Electronic Mail