**KWJS&S** KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP

200 WEST 41ST STREET
17TH FLOOR
NEW YORK, NY 10036-7203
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

TRACY L. KLESTADT
PARTNER
DIRECT DIAL (212) 679-8700
E-mail: tklestadt@klestadt.com

April 12, 2022

**VIA ECF FILING**
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

    RE:   **YH Lex Estates LLC v. Nir Meir, Ranee A. Bartolacci and Ermitage One, LLC, Adv. Pro. No. 22-01077 (JLG)**

Your Honor:

    This firm is co-counsel, along with Susman Godfrey, LLP, to YH Lex Estates, LLC ("YH"), petitioner in the above-referenced adversary proceeding, which alleges an interspousal fraudulent transfer scheme whereby Respondent/Judgment Debtor Nir Meir tried to avoid paying a nearly $20 million judgment owed to YH by transferring approximately $12.6 million in proceeds from the sale of Meir's $43 million Southampton mansion to Meir's wife, Respondent Ranee A. Bartolacci ("Bartolacci"), and her entity, Respondent Ermitage One LLC ("Ermitage").[1] Meir has continued to use and spend the fraudulently transferred proceeds as if they were his own, but has not paid YH.[2] YH hereby responds to Bartolacci/Ermitage's letter of April 11, 2022 requesting a status conference to seek the Court's guidance as to "how this Court will proceed with the orders that were issued while this action was pending [in] the Supreme Court of New York, New York Count (Index No. 151267/2022)."

    I am informed by my co-counsel of the facts set forth herein. Bartolacci and her entity Ermitage are willing participants in a scheme by Meir to delay resolution of YH's fraudulent transfer claims, so that Meir can continue to wildly spend Bartolacci and Ermitage's supposedly separate money. This Court should not countenance any further delay and must, for the reasons set

---

[1] YH has already addressed in its pending motion to remand Meir's fantastical argument that two now-bankrupt non-party entities owned by Meir, EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC, were the transferors in the scheme. Meir's argument is totally contrary to the allegations set forth in the operative petition and the operative facts revealed through discovery.

[2] As documented in the Supreme Court, Meir currently resides with Bartolacci in a $150,000 per month beach rental, and his spent millions of dollars of fraudulently conveyed proceeds after judgment on private jets, fine wine, and gold bullion bought under the fake name "Nir Bartolacci."

Honorably James L, Garrity, Jr.
April 12, 2022

forth below, reject Bartolacci and Ermitage's new extension request. The state court is still holding May 2, 2022 for a jury trial in case that court finds, after remand, that a trial is needed to resolve any genuine factual issues which may be presented. Any further delay of discovery and briefing will place that trial date at risk. And delay will prejudice YH, since Meir is still continuing to wildly spend away the remaining fraudulently transferred funds.

Before filing the special proceeding, YH made a detailed evidentiary presentation to the state court judge about Meir's fraudulent transfer scheme, largely based on documents produced by Meir as well as Meir's then-recent deposition testimony. YH then filed its petition against Bartolacci and Ermitage in the special proceeding on February 10, 2022, and YH served Bartolacci and Ermitage on February 23, 2022. The state court judge ordered Bartolacci and Ermitage to file their written response to the petition by March 14, 2022—nearly a month ago.

Inexplicably, Bartolacci/Ermitage waited weeks to hire their current, nominally separate counsel.[3] On March 11, 2022, just three days before the filing deadline, Bartolacci and Ermitage's current counsel appeared and sought a 30-day extension of the opposition deadline, which request YH opposed. On March 16, 2022—after Bartolacci and Ermitage's filing deadline had already passed—the state court judge held a hearing to consider Bartolacci and Ermitage's delay request. The state court judge aptly stated regarding the reasons for the delay: "Ms. Malik, I do appreciate the fact that you've been retained recently. At the same time, this is not a new case and your client made the decision to change counsel late. And while I think that some courtesy is due to give you time to get up to speed, I think the notion of throwing off the whole schedule because one of or two of the respondents decides to change counsel is a little troublesome to me. . . . I certainly have sympathy for where you are, having been retained on Friday. The complicating factor for the Court and the other parties is that that is a situation of your client's own making."

Despite the state court judge's expressed concern that any time crunch was of Bartolacci/Ermitage's own making, the judge went out of his way to give Bartolacci and Ermitage more time. The state court judge extended Bartolacci and Ermitage's opposition deadline to April 15, 2022, the very date Bartolacci/Ermitage's counsel requested. However, the court also ordered that, in advance of the opposition deadline, Bartolacci/Ermitage would have to substantially complete their production of documents in short order, and that Bartolacci would have to appear for deposition, all before the April 15, 2022 filing deadline.

YH served final discovery requests on Bartolacci and Ermitage on March 17, 2022. Under New York's rules requiring very rapid response to judgment enforcement discovery, and under the

---

[3] Before March 2022, Bartolacci was represented for purposes of responding to discovery by the same law firm as Meir—Davidoff Hutcher & Citron LLP ("DHC"). DHC created Ermitage for Bartolacci, shortly before Ermitage and Bartolacci received the challenged transfers from Meir. DHC served as Meir's real estate counsel in the sale of his mansion, and oversaw and implemented Meir's plan to distribute most of the net proceeds from the sale of Meir's mansion to Bartolacci and Ermitage. Underscoring why Meir and Bartolacci were so desperate to remove the special proceeding by any artifice, the state court judge stated on the record that he was misled by DHC to believe that the net sale proceeds would remain in Meir's hands and available to satisfy a judgment against him. In fact, DHC was responsible for helping Meir secret away those assets.

2

Honorably James L, Garrity, Jr.
April 12, 2022

state court judge's scheduling orders, Bartolacci's and Ermitage's complete document productions were due to YH by no later than March 28, 2022. Yet on Friday, March 25, 2022, Bartolacci and Ermitage's counsel began asking YH's counsel for more time. In email exchanges and meet and confers, Bartolacci and Ermitage's counsel seemingly indicated that as of just one business day before the production deadline, counsel *had not yet even started reviewing* responsive emails and text messages. Ultimately, after several rounds of disputes, Bartolacci's counsel wrote to YH that all the requested documents and related privilege logs would be produced around noon on April 6, 2022. Counsel also agreed that Ms. Bartolacci would appear for her deposition on April 8, 2022.

It is not coincidental that, just before noon on April 6, 2022, only minutes before Bartolacci's and Ermitage's expected document productions, and a mere two days before Bartolacci's scheduled deposition regarding her role in the scheme, Meir and his counsel began maneuvering to remove the case to federal court on dubious grounds. The letter filed by Bartolacci/Ermitage's counsel yesterday proves that Bartolacci/Ermitage were likely in on the delay scheme, and at minimum, are trying to benefit from Meir and his counsel's delay strategy.

Bartolacci and Ermitage's letter references supposed "automatic stays" initiated when EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC, *non-parties to the proceeding*, filed for bankruptcy last week. The reference is a transparent attempt to try to retroactively justify the fact that Bartolacci and Ermitage failed to produce documents as promised on April 6, 2022, and that Bartolacci no-showed for her deposition on April 8, 2022. But there is no plausible legal basis for the suggestion that the EAM/EZL bankruptcies, or Meir's purported removals, triggered a stay. A removed action arrives in federal court in the procedural posture it had in state court. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 108 (2d Cir. 2006) (citing *Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001) ("It is well established that the district court takes the [removed] action in the posture in which it existed when it is removed from a state's court jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal" (internal quotation omitted)). After a lawsuit is removed to federal court, any pre-removal orders entered by the state court remain in effect. 28 U.S.C. § 1450; *see also Samuel v. Aber Co., Inc.*, 2009 WL 2242418, at *1-*2 (M.D. La. July 24, 2009) ("Defendants filed a motion to quash in the state court, sought and received an expedited hearing, which resulted in a ruling allowing the plaintiff's deposition to be taken, albeit no earlier than July 28. Under § 1450 the state court's ruling became an order of this court when the case was removed, and it 'shall remain in full force and effect until dissolved or modified by the district court.'").

Bartolacci and Ermitage cannot claim ignorance of the above well-established rule, *i.e.*, that all deadlines set before the attempted removal remain in place before this Court. The state court judge explained this law to their counsel at an appearance on April 7, 2022, the morning after Meir's counsel first tried (and failed) to remove this case to federal court on behalf of EAM and EZL. Yet Bartolacci/Ermitage have still chosen to ignore their document production and logging obligations, and Bartolacci still chose, despite repeated warnings, not to show up for her deposition. In sum, alongside Meir, Bartolacci and Ermitage have knowingly pursued an aggressive, contemptuous strategy of delay, and have pinned their hopes on the courts not holding them accountable for their knowing decisions.

Honorably James L, Garrity, Jr.
April 12, 2022

    For the reasons detailed above, YH respectfully submits that this Court should not grant its imprimatur to Meir, Bartolacci's, and Ermitage ongoing scheme to defraud YH and manipulate the courts. Because they failed to produce documents on schedule, Bartolacci and Ermitage have knowingly waived their right to rely on any documents in their possession, custody, or control to refute YH's allegations. Bartolacci and Ermitage have also waived the right to rely on Bartolacci's testimony, insofar as Bartolacci, without any arguable legal basis for doing so, simply refused to show up for her court-ordered deposition last Friday.

    This coming Friday, April 15, 2022, remains Bartolacci and Ermitage's court-ordered deadline to oppose the petition in this proceeding. The deadline should not be extended. Indeed, the state court judge indicated at the April 7, 2022 conference that regardless of whether the case was remanded or heard by a federal court, his scheduling orders should be adhered to, as any further extension would only serve to reward improper gamesmanship. If Bartolacci and Ermitage do not file opposition papers in this court by Friday's deadline, they will do so at their own peril.

Respectfully Submitted,

*/s/ Tracy L. Klestadt*

Tracy L. Klestadt


cc:    (By ECF Filing/Email)
       Robert L. Rattet, Esq.
       Jonathan S. Pasternak, Esq.
       James B. Glucksman, Esq.
       Pankaj Malik, Esq.
       Melissa J. Montenes, Esq.
       Mark Hatch-Miller, Esq.