DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Nir Meir, Defendant*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YH LEX ESTATES LLC,

                                                Removed Proceeding
              Plaintiff,                    Adv. Pro. No. 22-01077(JLG)

              -against-

NIR MEIR, RANEE A. BARTOLACCI, and
ERMITAGE ONE, LLC,

              Defendants.
-----------------------------------------------------------------X

**AFFIDAVIT OF ROBERT L. RATTET PURSUANT TO LOCAL RULE 9077-1 IN
SUPPORT OF MOTION TO SHORTEN TIME FOR HEARING
ON NIR MEIR'S MOTION FOR ORDER TRANSFERRING
REMOVED PROCEEDING TO DELAWARE BANKRUPTCY COURT**

      **STATE OF NEW YORK**   )
                                     **SS.:**
      **COUNTY OF NEW YORK** )

      ROBERT L. RATTET, an attorney duly admitted to practice before the Courts for the Southern District of New York, hereby avers the following under penalties of perjury:

      1.      I am a member of the law firm of Davidoff Hutcher & Citron LLP, attorneys for Nir Meir ("Meir"), one of the above named defendants.

      2.      I submit this Affidavit in support of Nir Meir's motion (the "Motion") for entry of an order shortening time for hearing on Meir's motion (the "Transfer Motion") for an order

transferring the above captioned removed proceeding to Bankruptcy Court for the District of Delaware (ECF Doc. 2; the "Transfer Motion").

3. Nir Meir requests that the Court enter an order shortening the time for a hearing to consider the Transfer Motion.

4. This proceeding was initiated by the removal of the action previously pending in the Supreme Court of the City of New York, County of New York (the "State Court"). encaptioned YH Lex Estates LLC, Plaintiff v. Nir Meir, Ranee A. Bartolacci, and Ermitage One, LLC, Index No. 151267/2022 to the United States District Court for the Southern District of New York on April 7, 2022, which assigned case no. 22-cv-2886. A copy of the Petition, Order To Show Cause entered February 16, 2022 (the "Order To Show Cause"), the Affirmation of Mark H. Hatch-Miller In Support of said Order To Show Cause, and supporting exhibits are collectively referred to as the "State Court Proceeding" or "Removed Action" and are annexed to the Declaration of Robert L. Rattet, Esq. dated April 8, 2022 (ECF Doc. 2) in support of the Transfer Motion as Exhibit "1".

5.      On April 8, 2022, the SDNY District Court automatically transferred the Removed Action to this Court.

6.      As set forth in the Transfer Motion, because underlying bankruptcy cases of EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC, the initial transferees of the alleged fraudulent conveyances which are the primary subject matter of the Removed Action (and therefore owners of the underlying causes of action as property of their estates within the meaning of Section 541 of the Bankruptcy Code) and entities of which Nir Meir is a principal, are pending in Bankruptcy Court for the District of Delaware, this proceeding should be directly transferred to the Bankruptcy Court for the District of Delaware for ultimate adjudication.

7.      Nir Meir respectfully requests that the Court shorten the time for a hearing to consider the Transfer Motion in order to make the Transfer Motion returnable at the same time as Plaintiffs' Motion To Remand (ECF Doc. 8), which the Court has scheduled for hearing for April 21, 2022 at 2:00 p.m., for purposes of fairness and judicial economy, respectively.

8.      Typically, a motion such as the Transfer Motion is a fourteen (14) day motion pursuant to Federal Rule of Bankruptcy Procedure 2002. However, the Federal Rules of Bankruptcy Procedure provide for a shortening of time under certain circumstances.

9. Federal Rule of Bankruptcy Procedure 9006(c) provides as follows:

(c) *Reduction.*

(1) *In General.* Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

(2) *Reduction Not Permitted.* The court may not reduce the time for taking action under Rules 2002(a)(7), 2003(a), 3002(c), 3014, 3015, 4001(b)(2), (c)(2), 4003(a), 4004(a), 4007(c), 4008(a), 8002, and 9033(b). In addition, the court may not reduce the time under Rule 1007(c) to file the statement required by Rule 1007(b)(7).

10. Thus, the Federal Rules of Bankruptcy Procedure specifically authorize the Court to hear a motion such as the Transfer Motion herein on shortened notice, for cause shown.

11. Absent the simultaneous scheduling of Plaintiff's remand motion and Nir Meir's motion to transfer, Nir Meir submits prejudice may occur. In addition, the interests of judicial economy would be served by having both motions returnable at the same time.

12. Accordingly, Nir Meir requests that the Court enter an order shortening time for a hearing returnable on April 21, 2022 at 2:00 p.m. to consider hearing the Transfer Motion at the same time as the Plaintiff's motion seeking remand of this proceeding.

/s/ Robert L. Rattet

Sworn to before me this
11th day of April, 2022

/s/ James Glucksman
Notary Public

6