DAVIDOFF HUTCHER & CITRON LLP
*Attorneys* for *Nir Meir*
605 Third Avenue
New York, New York 10158
(212) 557-7200
ROBERT L. RATTET

*Hearing Date:*
*April 21, 2022*
*@2:00 p.m.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

YH LEX ESTATES LLC,

                         Petitioner,

       -against-

NIR MEIR, RANEE A. BARTOLACCI, and
ERMITAGE ONE, LLC,

                         Respondents.

------------------------------------------------------------------x

Adv. Pro. No.
22-01077(JLG)

(Removed Proceeding)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND REMOVED PROCEEDING TO SUPREME COURT, NEW YORK COUNTY

**DAVIDOFF HUTCHER & CITRON LLP**
***Attorneys for Nir Meir***
**605 Third Avenue**
**New York, New York 10158**
**(212) 557-7200**

# TABLE OF CONTENTS

POINT I ............................................................................................................................... 3
THE REMOVAL WAS FILED BY A PROPER PARTY ....................................................... 3
    A.    THE REMOVAL WAS PROPERLY FILED BY A PARTY TO THE ACTION .......... 3
    B.    THE DISTRICT COURT AND BANKRUPTCY COURT HAVE EXCLUSIVE
    SUBJECT MATTER JURISDICTION OVER THE REMOVED CIVIL ACTION ................ 4
    C.    THE FRAUDULENT CONVEYANCE CAUSES OF ACTION ARE THE
    EXCLUSIVE PROPERTY OF THE CHAPTER 7 TRUSTEE OF THE DEBTORS AND
    NOT OF PLAINTIFF ........................................................................................................ 7
POINT II .............................................................................................................................. 8
TRANSFER OF THIS PROCEEDING TO THE BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE IS APPROPRIATE................................................................ 8
    A.    PROCEDURE FOR REMOVAL AND TRANSFER ...................................... 8
    B.    THE DELAWARE BANKRUPTCY COURT PRESIDING OVER DEBTORS'
    CHAPTER 7 CASES HAS EXCLUSIVE JURISDICTION OVER CORE MATTERS AND
    THUS REMAND IS NOT APPROPRIATE ..................................................................... 10
    C.    PLAINTIFFS' CLAIMS SHOULD BE ADJUDICATED IN DEBTORS' CHAPTER 7
    PROCEEDINGS .............................................................................................................. 13
CONCLUSION.................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

Berman , Tr. for Est. of Michael S. Goldberg, LLC v. LaBonte, 622 B.R. 503, 527 (Bankr. D.
    Conn. 2020)...................................................................................................................... 11
California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004) ........ 9
Hart v. Bello, No. 11 CIV. 67 RMB, 2011 WL 1584577 (S.D.N.Y. Apr. 27, 2011) .................... 5
In re 47-49 Charles St., Inc., 211 B.R. 5 (S.D.N.Y. 1997) ............................................................ 3
In re Barkany, 542 B.R. 662 (Bankr. E.D.N.Y. 2015)................................................................. 10
In re Bernard L. Madoff Inv. Sec. LLC, 740 F.3d 81 (2d Cir. 2014) ..................................... 7, 11
In re Dawnwood Properties/78, 209 F.3d 114 (2d Cir. 2000) ....................................................... 3
In re Greenberg, 266 B.R. 45 (Bankr. E.D.N.Y. 2001) .............................................................. 12
In re Ideal Mortg. Bankers, Ltd., 539 B.R. 409, 433 (Bankr. E.D.N.Y. 2015)........................... 11
In re Iridium Operating LLC  285 B.R. 822, 830 -831 (S.D.N.Y.,2002) .................................... 10
In re Keene Corp., 164 B.R. 844, 850 (Bankr. S.D.N.Y. 1994) ............................................. 7, 10
In re Lehr Constr. Corp., 2015 WL 5174467 (Bankr. S.D.N.Y. 2015) ....................................... 12
In re Madoff, 848 F. Supp. 2d 469 (S.D.N.Y. 2012) ..................................................................... 7
In re Madoff, 848 F. Supp. 2d 469, 487 (S.D.N.Y. 2012) ..................................................... 11, 12
In re Queen Elizabeth Realty Corp., 502 B.R. 17, 22 (Bankr. S.D.N.Y. 2013) ............................ 4
In re Ryan & Jane Ltd., 2016 WL 3742005 (Bankr. S.D.N.Y. July 5, 2016).............................. 12
In re Trevino, 599 B.R. 526, 546 (Bankr. S.D. Tex. 2019) ........................................................... 9

i

In re Virginia True Corp., No. 19-42769, 2020 WL 1696103, at *5 (Bankr. E.D. Va. Mar. 30,
  2020) ......................................................................................................................................... 6
In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 330 (S.D.N.Y. 2003) ......................................... 9
Lothian Cassidy LLC v. Ransom, 428 B.R. 555, 561 (E.D.N.Y. 2010) ......................................... 9
Novak, Tr. for Estate of OnlineAutoParts.com, LLC v. Parts Auth., LLC, No. 20-CV-2948 (JS),
  2020 WL 4034897, at *1 (E.D.N.Y. July 16, 2020) .................................................................. 9
St Paul Fire and Marine Ins. Co. v. Pepsi Co., Inc., 884 F.2d 688, 701–02 (2d Cir.1989) .......... 11
Tallo v. Gianopoulos, 321 B.R. 23 (E.D.N.Y. 2005); ................................................................... 5

**Statutes**

28 U.S.C. § 157(a) ......................................................................................................................... 5
28 U.S.C. § 157(a). ...................................................................................................................... 10
28 U.S.C. §§157 (2)(B) .................................................................................................................. 5
28 U.S.C. §§157(b)(1) .................................................................................................................... 5
28 U.S.C. §1334 (b) ....................................................................................................................... 4
28 U.S.C. §1334(a) ........................................................................................................................ 4
28 U.S.C. §1452 .......................................................................................................................... 7, 8
28 U.S.C. §157 (b) ...................................................................................................................... 5, 10
28 U.S.C. §157(a) .......................................................................................................................... 4
28 U.S.C. §157(b)(2)(B). ................................................................................................................ 2
28 U.S.C. §157(b)(2)(H) ................................................................................................................ 2

**Rules**

Fed.R. Bankr.P. Rule 9027 (a)(2) .................................................................................................. 6
Fed.R.Bankr.P. Rule 9027(c) ......................................................................................................... 4

This case concerns the undoubted exclusive jurisdiction of the Bankruptcy Court to determine alleged fraudulent conveyances made by or on behalf of EAM 40 Meadow Lane LLC ("EAM") and EZL 40 Meadow Lane LLC ("EZL"), debtors in bankruptcy proceedings in Delaware bankruptcy court (collectively, the "Debtors") of over $12,000,000.00 in net proceeds from the sale of 40 Meadow Lane, Southampton, New York (the "Premises"). It is further indisputable that Debtor EAM, and not Nir Meir ("Nir"), was, prior to the conveyances in question, the legal owner of the Premises and the direct beneficiary of all proceeds from the sale of the Premises. Plaintiff, indeed, admits in its Memorandum of Law "[Nir] solely owned the [Premises] (and the value of the [Premises]in excess of its mortgage debt) via his interests in two [Nir]-controlled entities EAM and EZL." Conveniently, Plaintiff now asks this Court to disregard the undisputed previous ownership by EAM. What is also undisputed is that Nir, and not the Debtors, is a party lawfully entitled to remove the Removed Proceeding[1]. What is disputed is who owns EZL. Plaintiff contends in the Removed Proceeding that Nir owns 100% of EZL, while Nir contends that the ownership is 95% Ranee Bartolacci ("Ranee"), who is Nir's wife, and 5% Nir. However, that issue, raised in the First Cause of Action in the Removed Proceeding, is central to the proper administration of the Debtors' Chapter 7 cases and, together with the fraudulent conveyance issues, ripe for bankruptcy court determination.

The issues to be determined are quite simple: 1) should the District and Bankruptcy Courts retain jurisdiction of the Removed Proceeding and deny Plaintiff's Motion to Remand ("Motion to Remand") this case to Supreme Court, New York County ("State Court"); and 2) do the District and Bankruptcy Courts have subject matter jurisdiction over "core" bankruptcy matters, i.e. the determination of alleged fraudulent conveyances? These questions must be

---

[1] Capitalized terms not otherwise defined herein shall have the meanings as set forth in the Declaration of Robert L. Rattet In Opposition to the Remand Motion.

answered in the affirmative. The avoidance causes of action in the underlying Removed Proceeding are property of the Debtors' Chapter 7 bankrupt estates, of which Nir Meir is a member. This salient fact is conceded by Plaintiff even as Plaintiff asks the Court to ignore the Debtors' previous ownership interest. Matters involving the determination of alleged fraudulent conveyances made by debtors are core bankruptcy matters. See 28 U.S.C. §157(b)(2)(H). Matters involving the determination of claims against debtors are also core bankruptcy matters. See 28 U.S.C. §157(b)(2)(B). Therefore, these cases should not be remanded to the State Court.

Nir, a named party and respondent in the Removed Proceeding, properly removed this Proceeding in the interest of judicial economy to centralize all litigation concerning said claims in the appropriate venue, the Bankruptcy Court for the District of Delaware. Contrary to the bold-faced assertions of Plaintiff, the Debtors are not the removing party. Removal however would preserve potentially valuable causes of action of the Debtors for the benefit of the Debtors' creditors.

The Plaintiff also ignores the plain wording of 11 U.S.C. §1452, which provides that a "party" may remove a proceeding. Plaintiff is correct that the Debtors may, by virtue of the appointment of a trustee, be disabled from removing a matter. Nir, a named party to the Removed Proceeding, is under no such disability. The Plaintiff indeed asks the Court to disregard multiple plain facts.

This Memorandum of Law is submitted in opposition to the Motion to Remand.

## STATEMENT OF FACTS

The facts relevant to this Motion are set forth in the accompanying Declaration of Robert

L. Rattet (the "Rattet Declaration") dated April 14, 2022.


## POINT I

## THE REMOVAL WAS FILED BY A PROPER PARTY

**A.    THE REMOVAL WAS PROPERLY FILED BY A PARTY TO THE ACTION**

28 U.S.C. §1452, governing removal, provides as follows:

> § 1452. Removal of claims related to bankruptcy cases
>
> (a)  A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b)  The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Nir is a named party to the Removed Proceeding. Therefore, contrary to the erroneous

assertions of Plaintiff[2], the removing party was, and is, not the Debtors. Since the removing

person is a named party to the Removed Proceeding, see, e.g. In re Queen Elizabeth Realty

---

[2] Plaintiff cites as authority In re Dawnwood Properties/78, 209 F.3d 114 (2d Cir. 2000) and In re 47-49 Charles St., Inc., 211 B.R. 5 (S.D.N.Y. 1997) as authority for the proposition that a Chapter 7 trustee and not a debtor has the sole removal authority on behalf of a party that is a debtor. Even the Dawnwood, Id. court carves out an exception, stating "(u)ltimately, it was within the trustee's discretion to pursue the claims, let them lie, or abandon them in order to allow the debtor to proceed with an action. Dawnwood, Id., at 117.

3

Corp., 502 B.R. 17, 22 (Bankr. S.D.N.Y. 2013) ("Only a 'party' may remove a proceeding under

§ 1452(a). The term "party" as used in the statute is unambiguous, and refers to someone named

in the complaint (internal citations omitted)"). Nir Meir properly and lawfully removed this

proceeding.[3]

### B.   THE DISTRICT COURT AND BANKRUPTCY COURT HAVE EXCLUSIVE SUBJECT MATTER JURISDICTION OVER THE REMOVED CIVIL ACTION

Subject matter jurisdiction is granted by 28 U.S.C. §1334(a) and (b) which state:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. §157(a) grants authority to the district court to "provide that any or all cases

under title 11 and any or all proceedings arising under title 11 or arising in or related to a case

under title 11 shall be referred to the bankruptcy judges for the district."

---

[3] Judge Cohen's authority to determine the propriety of the removal is unclear. Fed.R.Bankr.P. Rule 9027(c) provides "(c) Filing in Non-Bankruptcy Court. Promptly after filing the notice of removal, the party filing the notice shall file a copy of it with the clerk of the court from which the claim or cause of action is removed. Removal of the claim or cause of action is effected on such filing of a copy of the notice of removal. **The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.**" (emphasis supplied).  In any event, Nir complied with Judge Cohen's dicta and properly filed the removal under his own name.

4

28 U.S.C. §157 (b) creates a nonexclusive list of proceedings that are designated as "core proceedings". 28 U.S.C. §§157(b)(1) and (2)(B), (H) and (O) state:

> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

> (H) proceedings to determine, avoid, or recover fraudulent conveyances;

> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." (emphasis added).

Pursuant to 28 U.S.C. § 157(a) and the Permanent Order of Reference of the United States District Court for the Southern District of New York, the Bankruptcy Court has exclusive jurisdiction over the allowance and disallowance of claims as well as exclusive jurisdiction over all of the property, wherever located, of the Debtors as of the commencement of the case, and of property of the estate. Further, the Bankruptcy Court has exclusive jurisdiction over proceedings arising in or related to the pending bankruptcy cases. Consequently, the above-captioned action, which involves the determination of Nir's and Ranee's interests in the Debtors, alleged voidable transfers made on behalf of the Debtors, as well as the proper administration of the Debtors' bankruptcy estate, should be referred now to the Delaware Bankruptcy Court. See, e.g. Tallo v. Gianopoulos, 321 B.R. 23 (E.D.N.Y. 2005); Hart v. Bello, No. 11 CIV. 67 RMB, 2011 WL 1584577, at *5 (S.D.N.Y. Apr. 27, 2011) ("Transfer of the case to the Eastern District of New York is appropriate. Tallo, supra, 321 B.R. at 29 (citing In re Enron Corp., 317 B.R. 629, 642 (Bankr.S.D.N.Y.2004); MD Acquisitions, 2009 U.S. Dist. LEXIS 13549 at *12, 2009 WL

5

466383. First and foremost, "[t]he weight normally attached to the plaintiff's choice of forum is effectively cancelled out ... by the presumption that the proceeding should be heard in the same district as the underlying bankruptcy."); In re Virginia True Corp., No. 19-42769, 2020 WL 1696103 (Bankr. E.D. Va. Mar. 30, 2020) ("Having concluded that the Court has jurisdiction to consider the motions, the Court must next determine whether it should consider the Motion to Transfer prior to the Motion for Remand. "[A] split of authority exists concerning whether a remand request must first be adjudicated prior to a sought-after transfer." Nelson v. Kanawha Eagle Mining, LLC (In re Patriot Coal Corp.), Adv. Pro. No. 2:17-ap-02006, 2017 Bankr. LEXIS 1112, at *3 (Bankr. S.D. W. Va. Apr. 24, 2017). "[A] court may, after deciding the issue of jurisdiction, instead exercise its discretion to transfer the case and permit the home bankruptcy court to decide the issue of remand." Tallo, supra, 321 B.R. 23, 28 & n.3 (E.D.N.Y. 2005). "Permitting the bankruptcy court to decide the motion for remand is in accord with the strong presumption in favor of placing venue in the district where the bankruptcy proceedings are pending." Id. (citing Enron Corp. v. Arora (In re Enron Corp.), 317 B.R. 629, 642 (Bankr. S.D.N.Y. 2004)).").

On April 7, 2022, the Removed Proceeding was removed to the SDNY District Court under index no. 22-cv-2886. Fed.R. Bankr.P. Rule 9027 (a)(2) provides:

> (2)  Time for filing; civil action initiated before commencement of the case under the code
>
> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Since the Removed Proceeding was pending in State Court as of the date of the Debtors' Chapter

6

7 filings, i.e. April 6, 2022, and the automatic stay has never been terminated, the filing of the removal petition was timely.

The Court should note that the removal was made pursuant to 28 U.S.C. §1452, relating to bankruptcy proceedings, and not 28 U.S.C. §1446, relating to non-bankruptcy removal. The above captioned action is a civil action of which the Bankruptcy Court has original jurisdiction under the provisions of 28 U.S.C. § 1334 and is one which may be removed by parties to the State Court Proceeding pursuant to the provisions of 28 U.S.C. § 1452 in that the matter in controversy is a civil action related to a bankruptcy case.

### C.  THE FRAUDULENT CONVEYANCE CAUSES OF ACTION ARE THE EXCLUSIVE PROPERTY OF THE CHAPTER 7 TRUSTEE OF THE DEBTORS AND NOT OF PLAINTIFF

It is beyond reasonable dispute that Debtor EAM owned the Premises at the time of to its sale. Any "fraudulent conveyance" action based on disposition of proceeds from the sale of EAM's property, i.e., the Premises, belongs solely to the Debtors' Chapter 7 estates and not to Plaintiff. See, e.g. In re Keene Corp., 164 B.R. 844, 850 (Bankr. S.D.N.Y. 1994); In re Madoff, 848 F. Supp. 2d 469 (S.D.N.Y. 2012), aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC, 740 F.3d 81 (2d Cir. 2014):

> A Bankruptcy Court's power to enjoin litigation by creditors against third parties extends to situations where "creditors ... assert general, indirect claims in order to achieve a greater distribution on a first come, first serve basis from assets which the trustee has standing to recover, and which, if recovered, will be available to satisfy the claims of all creditors." In re Keene Corp., 164 B.R. 844, 854 (Bankr.S.D.N.Y.1994)"); ("However, a bankruptcy court may enjoin actions that are derivative or duplicative of claims brought by the trustee, or that could have been brought by the trustee in the first instance. In re Madoff, 848 F. Supp. 2d 469, 487 (S.D.N.Y. 2012), aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC, 740 F.3d 81 (2d Cir. 2014)

Thus, despite the pejorative classification of "EAM or EZL (as) merely passthrough vehicles through which [Nir] held his personal interests", see Plaintiff's Brief, Page 6, EAM was

the legal owner of the Premises. The fraudulent conveyance claims are thus owned by EAM's trustee on behalf of its Chapter 7 estate. While these claims must ultimately be prosecuted by the Trustee, Nir is not forced to stand idly by while these estate claims are usurped by Plaintiff. Remand is therefore not appropriate.

## POINT II

## TRANSFER OF THIS PROCEEDING TO THE BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE IS APPROPRIATE

### A.   PROCEDURE FOR REMOVAL AND TRANSFER

28 U.S.C. §1452, governing removal, provides as follows:

> A.  § 1452. Removal of claims related to bankruptcy cases
>
> (a)  A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b)  The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Thus, the matter was first removed to the SDNY District Court, which thereafter automatically referred the Removed Action to this Court. Therefore this Court should simply transfer the Removed Action directly to the Delaware District Court.  See 28 U.S.C. §§ 157(a) and 1412.

The purpose of removal is to centralize litigation concerning Meir and the Debtors, whose Chapter 7 estates own the causes of action asserted in the State Court Proceeding and the

issue of their ownership as raised in the first cause of action is central to the administration of

their Chapter 7 estates, in the bankruptcy court handling the Debtors' bankruptcy proceedings.

See e.g. California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir.

2004) ("…in its every detail, Section 1452(a) is designed to further Congress's purpose of

centralizing bankruptcy litigation in a federal forum.:); In re Trevino, 599 B.R. 526, 546 (Bankr.

S.D. Tex. 2019) (collecting cases, "Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d

86, 103 (2d Cir. 2004) (finding that Congress intended for bankruptcy litigation to be centralized

in a federal forum); Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.), 980

F.2d 110, 117 (2d Cir. 1992) (holding that Code policy favors centralized administration of

claims in bankruptcy court)); In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 330 (S.D.N.Y.

2003) (…Section 1452(a) reflects a preference for coordinating bankruptcy-related actions in the

federal courts."). The general practice is for the affected debtor to seek to transfer the matter to

the District Court where the bankruptcy proceedings are being administered. See also Lothian

Cassidy LLC v. Ransom, 428 B.R. 555, 561 (E.D.N.Y. 2010) ("[T[he Second Circuit has held

that the district in which the underlying bankruptcy case is pending is presumed to be the

appropriate district for hearing and determination of a proceeding in bankruptcy." The Court in

Novak, Tr. for Estate of OnlineAutoParts.com, LLC v. Parts Auth., LLC, No. 20-CV-2948 (JS),

2020 WL 4034897, at *1 (E.D.N.Y. July 16, 2020) stated:

> Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a
> case or proceeding under title 11 to a district court for another
> district, in the interest of justice or for the convenience of the
> parties." Here, the Court finds that "judicial economy and the
> interests of justice are best served by transfer of this case" to the
> District of Connecticut.[3] Bank of Am., N.A. v. Wilmington Tr.
> FSB, 943 F. Supp. 2d 417, 427 (S.D.N.Y. 2013) (sua sponte
> transferring case to the district court where underlying bankruptcy
> matter was pending).

9

> <u>Novak, Tr. for Estate of OnlineAutoParts.com, LLC v. Parts Auth.,</u>
> <u>LLC,</u> No. 20-CV-2948 (JS), 2020 WL 4034897, at *1 (E.D.N.Y.
> July 16, 2020)

Thus, transfer to the District of Delaware , would be appropriate.

### B.   THE DELAWARE BANKRUPTCY COURT PRESIDING OVER DEBTORS' CHAPTER 7 CASES HAS EXCLUSIVE JURISDICTION OVER CORE MATTERS AND THUS REMAND IS NOT APPROPRIATE

The determination of whether transfers are potentially voidable as fraudulent conveyances has been determined by Congress to be a "core proceeding". The jurisdiction of the bankruptcy court over "core proceedings" is set forth in 28 U.S.C. § 157(b)(2)(H). The SDNY District Court exercised its power to refer the within proceedings to the Bankruptcy Court, which in turn has the ability to transfer the Removed Action to the Bankruptcy Court having jurisdiction over the Debtors' Chapter 7 cases when such claims are at the heart of the administration of their bankruptcy estates. "Cases" under Title 11 and civil proceedings which are "core proceedings" may be referred by the district courts to the bankruptcy judges under Section 157(a) to be heard and determined by the bankruptcy judges.  28 U.S.C. § 157(a).

In 28 U.S.C. § 157(b)(2), Congress provided a non-exclusive list of proceedings which it deemed core.  The instant proceedings constitute "core proceedings" within the meaning of 28 U.S.C. Sections 157(b)(2)(A), (H) and (O).  The Removed Proceeding concerns, <u>inter alia</u>, whether alleged initial transfers on behalf of the Debtors are voidable under 11 U.S.C. §§544(b) and/or 548.

> See, e.g. <u>In re Barkany</u>, 542 B.R. 662 (Bankr. E.D.N.Y. 2015):
>
> > "Only the trustee has standing to pursue such claims postpetition for the benefit of a debtor's bankruptcy estate. As such, creditors do not have standing postpetition to pursue a fraudulent conveyance action against the recipients of an avoidable transfer of a debtor's property. <u>Keene Corp.</u>, 164 B.R. at 851 (noting that with respect to claims against those

10

who have misused the debtor's property, "[t]he Bankruptcy Code
authorizes the trustee to prosecute such claims for the benefit of all
creditors, and necessarily deprives individual creditors of standing to
pursue the same claims for their sole benefit"); St. Paul Fire and Marine
Ins. Co. v. PepsiCo., Inc., 884 F.2d 688, 701–02 (2d Cir.1989).

In re Barkany, 542 B.R. 662, 688 (Bankr. E.D.N.Y. 2015).

See also In re Ideal Mortg. Bankers, Ltd., 539 B.R. 409, 433 (Bankr. E.D.N.Y. 2015)((citing)

"Keene Corp. v. Coleman (In re Keene), 164 B.R. 844, 851 (Bankr.S.D.N.Y.1994) (noting that

with respect to claims against those who have misused the debtor's property, "[t]he Bankruptcy

Code authorizes the trustee to prosecute such claims for the benefit of all creditors, and

necessarily deprives individual creditors of standing to pursue the same claims for their sole

benefit"); St Paul Fire and Marine Ins. Co. v. Pepsi Co., Inc., 884 F.2d 688, 701–02 (2d

Cir.1989).

The case In re Keene Corp., 164 B.R. 844, 850 (Bankr. S.D.N.Y. 1994) holds:

Colonial Realty forecloses creditor claims based upon the
fraudulent transfer of Keene's assets.[6] (FN Text "This conclusion
would also apply to the transfer of Bairnco's assets (i.e., the spun
off stock). The theory of the second generation fraudulent transfer
is that Bairnco and Keene are alter egos, and Bairnco's assets are
available to satisfy Keene's creditors.) Where a Keene creditor
seeks to recover his or her claim from a transferee of Keene's
property, the creditor's action is stayed by Section 362(a)(1).
Instead, the trustee alone has standing to assert such claims, 11
U.S.C. § 544, and this result promotes the principle of equitable
distribution.

See also In re Madoff, 848 F. Supp. 2d 469, 487 (S.D.N.Y. 2012), aff'd sub nom, In re

Bernard L. Madoff Inv. Sec. LLC, 740 F.3d 81 (2d Cir. 2014), cited and discussed above. Thus,

the court handling the Debtors' bankruptcy proceedings has jurisdiction over the determination

and/or disposition of the claims at issue in the State Court Proceeding. See also Berman , Tr. for

Est. of Michael S. Goldberg, LLC v. LaBonte, 622 B.R. 503, 527 (Bankr. D. Conn. 2020)

("Property of the estate under § 541[a][1] 'includes all kinds of property, including tangible or

intangible property, causes of action ... and all other forms of property....' "; see also In re Keene

Corp., 164 B.R. 844, 852 (Bankr. S.D.N.Y. 1994)("If the trustee has standing to assert the claim

for the benefit of the estate, no individual creditor can assert the claim unless it has been

abandoned or the creditor obtains relief from the automatic stay."). ("The Trustee has the right to

assign its avoidance powers. In re Greenberg, 266 B.R. 45 (Bankr. E.D.N.Y. 2001). As a matter

of bankruptcy and property law, the Trustee's rights here were exclusive and alienable.").

The Court in In re Lehr Constr. Corp., 2015 WL 5174467 (Bankr. S.D.N.Y. 2015) stated:

> "Additionally, "a bankruptcy court may enjoin actions that are
> derivative or duplicative of claims brought by the trustee, or that
> could have been brought by the trustee in the first instance." In re
> Madoff, 848 F.Supp.2d at 488 (citing In re Dreier LLP, 429 B.R.
> 112, 133–34 (Bankr.S.D.N.Y.2010) ("[T]he Court has the
> jurisdiction ... to bar general creditors ... from recovering their
> claims ... where their claims are based on the debtors' misconduct,
> and there is no independent basis for an action against [a third
> party defendant] other than its receipt of the transfers from [the
> debtor]."); Mrs. Weinberg's Kosher Foods, Inc., 278 B.R. at 365
> ("The settlement extinguishes the settled claims and in approving
> [the settlement] the court may enjoin creditors from prosecuting
> the settled claims derivatively in another court.") (citing In re
> Ionosphere Clubs, Inc., 17 F.3d at 604, 607)."

The Court in In re Ryan & Jane Ltd., 2016 WL 3742005 (Bankr. S.D.N.Y. July 5, 2016),

relying on Madoff, Id. stated:

> "Given its ability to sue the Debtors' Principals for these claims,
> the Trustee also has the authority to settle those claims. In settling
> a claim that belongs to the estate, a court can approve a trustee's
> settlement agreement and issue an order to extinguish the settled
> claims. See In re Mrs. Weinberg's Kosher Foods, Inc., 278 B.R.
> 358, 365 (Bankr.S.D.N.Y.2002) (citing Sobchack v. Am. Nat'l
> Bank & Trust Co. of Chi. (In re Ionosphere Clubs, Inc.), 17 F.3d
> 600, 604 (2d Cir.1994)). Additionally, "a bankruptcy court may
> enjoin actions that are derivative or duplicative of claims brought
> by the trustee, or that could have been brought by the trustee in the
> first instance." In re Madoff, 848 F.Supp.2d at 488 (citing In re
> Dreier LLP, 429 B.R. 112, 133–34 (Bankr.S.D.N.Y.2010) ("[T]he

12

> Court has the jurisdiction ... to bar general creditors ... from
> recovering their claims ... where their claims are based on the
> debtors' misconduct, and there is no independent basis for an
> action against [a third party defendant] other than its receipt of the
> transfers from [the debtor]."); <u>In re Mrs. Weinberg's Kosher Foods</u>,
> 278 B.R. at 365 ("The settlement extinguishes the settled claims ...
> and in approving it, the court may enjoin creditors from
> prosecuting the settled claims derivatively in another court.")
> (citing <u>In re Ionosphere Clubs</u>, 17 F.3d at 604, 607)."

Since claims being advanced by Plaintiff in the State Court Proceeding allege voidable transfers initially made by the Debtors, the Debtors' trustees have the sole and exclusive right to prosecute these claims, in their "home" bankruptcy court.

C.    **PLAINTIFFS' CLAIMS SHOULD BE ADJUDICATED IN DEBTORS' CHAPTER 7 PROCEEDINGS**

As set forth below, the determination of Plaintiffs' claims – both as to the issue of ownership of the Debtors raised by Plaintiffs in the First Cause of Action and the issue of fraudulent conveyance which comprise the remainder of the causes of action - is highly material to the administration of the Debtors' bankruptcy cases and the determination of Nir's interests, if any, in the Debtors. The Removed Proceeding thus constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (H),  and (O) in that the action concerns (i) the disposition of alleged property of the Debtors' estates, (ii) the determination of alleged voidable transfers made by the Debtors, and (iii) the ability of the Debtors' trustee(s) to administer the cases under Chapter 7 of the Bankruptcy Code.

## <u>CONCLUSION</u>

For the reasons stated in this Memorandum and in the Rattet Declaration, Nir Meir respectfully requests that the Court (a) deny the Remand Motion and (b) approve the direct transfer of this Action to the Bankruptcy Court for the District of Delaware.

Dated: New York, New York
     April 14, 2022

                        DAVIDOFF HUTCHER & CITRON LLP


                        By: */s/ Robert L. Rattet*
                            Robert L. Rattet
                        605 Third Avenue
                        New York, New York 10158
                        (212) 557-7200
                        rlr@dmlegal.com
                        *Attorneys for Nir Meir*