UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YH LEX ESTATES LLC,                                                                  Adv. Pro. No. 22-01077 (JLG)
                             Petitioner,

                                                                               (Removed Proceeding)

-against-

NIR MEIR, RANEE A. BARTOLACCI, and
ERMITAGE ONE, LLC,
                             Respondents.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION**

Table of Contents

**PRELIMINARY STATEMENT** ................................................................................................. 4
**STATEMENT OF FACTS** ....................................................................................................... 5
**ARGUMENT** ............................................................................................................................ 7

**Cases**

Lalima v. Johnson & Johnson, 2019 U.S. Dist. LEXIS 96899 (N.D.N.Y. 2019)........................... 7
See Rednel Tower, Ltd. v. Riverside Nursing Home, 144 B.R. 951 (S.D.N.Y. Bankr. 1992)....... 7

**Statutes**

28 U.S.C. § 1452(b) ................................................................................................................... 7

**Rules**

Fed. R. Bankr. P. 9027(e) ............................................................................................................ 6

Ranee A. Bartolacci ("Bartolacci") and Ermitage One, LLC ("Ermitage"), by their attorneys, YK Law, LLP, submit this Memorandum of Law in Opposition to the Motion of YH Lex Estates LLC ("YH") for an Order of Remand.

## PRELIMINARY STATEMENT

YH, without a shred of evidence, wrongly accuses Bartolacci and Ermitage of using the removal of this proceeding from the Supreme Court of the City of New York, County of New York (the "State Court"), to delay discovery. In truth, Bartolacci and Ermitage did not remove this proceeding and have consistently been responsive and cooperative with the discovery process since YH began seeking discovery in March 2022. YH attempts to confuse the Court by repeated references to an earlier related financial instrument case against Co-Defendant Nir Meir ("Meir") and others in the State Court (captioned YH Lex Estates LLC v. HFZ Capital Group LLC, Ziel Feldman, Nir Meir, Index No. 655980/2020). Bartolacci and Ermitage were never parties to the earlier action and consequently YH's attempt to make blanket statements attributing misconduct to Bartolacci and Ermitage, and to create the appearance that Bartolacci and Ermitage have delayed discovery in the earlier action, are baseless.

Bartolacci and Ermitage oppose remand of this proceeding because remand threatens to subject them to multiple, potentially conflicting lawsuits due to the April 6, 2022 filings, in the Bankruptcy Court for the District of Delaware, of voluntary petition for relief under Chapter 7 of the Bankruptcy Code by EAM 40 Meadow Lane LLC ("EAM") (Case No. 22-10293) and EZL 40 Meadow Lane LLC ("EZL") (Case No. 22-10294), who are indispensable parties to this proceeding.

**STATEMENT OF FACTS**

This proceeding was initiated by Meir's removal to the United States District Court for the Southern District of New York, on April 7, 2022, of a special proceeding in the State Court, which bears the caption YH Lex Estates LLC v. Nir Meir, Ranee A. Bartolacci, and Ermitage One, LLC, Index No. 151267/2022 (the "State Court Proceeding"). The District Court transferred this proceeding to this court on April 8, 2022. YH commenced the State Court Proceeding on February 10, 2022, against Meir, Bartolacci and Ermitage, seeking to compel Bartolacci and Ermitage to turnover property in their possession, which YH alleges was fraudulently conveyed by EAM and EZL to Bartolacci and Ermitage. Meir is a principal of EAM and Meir and Bartolacci are principals of EZL. EZL owns 95 percent of EAM.

EAM was the title holder to the Hamptons property whose sale netted proceeds, $12,500,000 of which were transferred to Bartolacci and her wholly owned entity, Ermitage. Since causes of action in this proceeding relate to alleged fraudulent conveyances by EAM and EZL to Bartolacci and Ermitage, and EAM and EZL are Chapter 7 debtors in proceedings in Delaware Bankruptcy Court, causes of action in this proceeding constitute property of EAM's and EZL's Chapter 7 estates. YH's assertion in its motion for remand that Meir was the fraudulent transferor effectively asks this Court to adopt its legal conclusions without a trial or evidentiary support. By contrast, it is beyond dispute that EAM was the legal owner of the Hamptons property at the time it was sold.

Counsel's allegations that Bartolacci and Ermitage are using the removal to delay discovery are wholly unsupported. For one thing, Bartolacci and Ermitage did not initiate the removal of this action. Even more important, any claims of intentional delay are amply refuted by

the repeated, consistent efforts of Bartolacci and Ermitage to cooperate with the discovery process and communicate with counsel to resolve disputes:

- Counsel for Bartolacci and Ermitage were served with subpoenas duces tecum by email on March 17, 2022, three days after counsel was retained, on March 14, 2022, to represent Bartolacci and Ermitage in this proceeding. Counsel for Bartolacci and Ermitage agreed to accept service by email.

- Bartolacci and Ermitage served their initial responses to the subpoenas duces tecum on March 28, 2022, specifying the requests for which Bartolacci and Ermitage were continuing their search for documents.

- After YH expressed dissatisfaction with the initial responses, counsel Bartolacci and Ermitage appeared at a conference with the Court on March 29, 2022 and explained the reasons Bartolacci and Ermitage are continuing to search for documents, including:

    - The need for additional time to review emails from Bartolacci's account (multiple searches conducted on April 1, 2022 yielded more than 3,000 emails), and

    - The need for additional time to obtain documentation of separate property Bartolacci contributed to the marriage, which Bartolacci and Ermitage sought through requests to financial institutions where Bartolacci has personal accounts. These institutions do not provide online access to more than the most recent few months of statements, and Bartolacci and Meir have been married since 2009. The banks have indicated that these statements are archived and they are working diligently to obtain the necessary statements. During their twelve (12) year marriage Bartolacci contributed substantial funds from her separate accounts to the marriage and to her husband.

- The State Court ruled that Bartolacci and Ermitage would have additional time to produce documents in advance of Bartolacci's scheduled deposition on April 8, 2022.

After Meir removed this action to the District Court on April 7, 2022, counsel for Bartolacci and Ermitage appeared at Bartolacci's scheduled deposition on April 8, 2022 and read into the transcript a letter sent to the State Court, which recognizes that appearing for a deposition in the State Court would constitute action in violation of Fed. R. Bankr. P. 9027(e), which mandates that parties to a proceeding that has been removed "shall proceed no further in that court [from which the proceeding was removed] unless and until the claim or cause of action is remanded."

- In response to YH's relentless insistence on continuing discovery, Bartolacci and Ermitage promptly requested a conference to resolve discovery disputes by letter submitted to this Court on April 11, 2022 (Dkt. #14), one business day after this matter was transferred to this Court.

Despite Bartolacci and Ermitage's efforts, YH continues to communicate with Bartolacci and Ermitage as if the proceeding is still moving forward in State Court.

## ARGUMENT

Bartolacci and Ermitage incorporate by reference the Memorandum of Law in Opposition to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County filed by Meir ("Meir's Opp. Brief" Dkt. # 21) as if fully set forth here. Federal courts determining whether remand an action removed pursuant to 28 U.S.C. § 1452(b) take into account numerous equitable factors including the possibility that prejudice will result to a party involuntarily removed from state court, and whether judicial economy would be served by equitable remand. See Rednel Tower, Ltd. v. Riverside Nursing Home, 144 B.R. 951 (S.D.N.Y. Bankr. 1992); Lalima v. Johnson & Johnson, 2019 U.S. Dist. LEXIS 96899 (N.D.N.Y. 2019). Here since, as recognized in Meir's Opp. Brief, any fraudulent conveyance action belongs to EAM and EZL's Chapter 7 estates, remanding this action to the State Court will prejudice Bartolacci and Ermitage by subjecting them to the threat of a second lawsuit by the Chapter 7 trustee, which has potential to conflict with this proceeding and impede judicial economy. Accordingly, the Court should deny remand.

Dated: New York, New York
April 14, 2022

YK LAW, LLP

By: /s/ Pankaj Malik
Pankaj Malik, Esq.
*Attorneys for Respondents Ranee A. Bartolacci and Ermitage One, LLC*
32 E 57th Street, 8th Floor
New York, New York 10022
Tel: (212) 837-2600
Email: pmalik@yklaw.us