DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Nir Meir*
605 Third Avenue
New York, New York 10158
(212) 557-7200
ROBERT L. RATTET

*Hearing Date:*
*April 21, 2022*
*@ 2:00 p.m.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

YH LEX ESTATES LLC,

                         Petitioner,

        -against-

NIR MEIR, RANEE A. BARTOLACCI, and
ERMITAGE ONE, LLC,

                         Respondents.

----------------------------------------------------------------x

Adv. Pro. No.
22-01077(JLG)
(Removed Proceeding)

**SUR-REPLY OF NIR MEIR IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND REMOVED PROCEEDING TO
SUPREME COURT, NEW YORK COUNTY**

      The Sur-reply Opposition of Nir Meir, by his counsel Davidoff Hutcher & Citron LLP

respectfully represents as follows:

      1.     This Response is submitted in further opposition to Plaintiff's Motion to Remand

this case to Supreme Court, New York County (ECF Doc. 8; the "Remand Motion").

2.      Nir Meir respectfully requests that this Court consider this Surreply[1], in light of new arguments improperly[2] advanced in YH Estates, LLC's Reply To Defendants' Opposition to Motion to Remand dated April 18, 2022 (the "Remand Reply"; ECF Docket No 28. ) that were not contained in explicit form in its initial Remand Motion. Nir Meir wishes to respond to and point out to the Court material inaccuracies contained in the Remand Reply regarding events that transpired before the Honorable Joel Cohen at the hearing before Supreme Court, New York County (the "State Court") on January 31, 2022 (the "January 31, 2022 Hearing"). A copy of extracts of the transcript of the hearing are annexed hereto as Exhibit "1".

3.      Contrary to Movant's assertions, the State Court **never** held or found that Nir Meir was judicially estopped from arguing that he was not the owner of 40 Meadow Lane, Southampton, New York (the "Property"). What the Court found was that Nir Meir was judicially estopped from arguing that he was not the 100% owner of the two (2) Debtor entities EAM 40 Meadow Lane LLC ("EAM") and EZL 40 Meadow Lane LLC ("EZL"), who are the debtors in bankruptcy proceedings in Delaware bankruptcy court  (collectively, the "Debtors"). EAM is and at all times relevant was the property owner of 40 Meadow Lane, Southampton, New York whose sale proceeds are the subject of the Removed Action and its transfers property of EAM's Chapter 7 estate.

---

[1] See, e.g. Boves v. Aaron's Inc., No. 18 CIV. 5 (HBP), 2018 WL 3656103, at *1 (S.D.N.Y. July 25, 2018) (Court relies upon sur-reply in vacating grant of summary judgment); Neary v. Weichert, 489 F. Supp. 3d 55, 63 (E.D.N.Y. 2020), appeal dismissed sub nom. Neary v. Pon, No. 20-3584, 2021 WL 1546028 (2d Cir. Apr. 15, 2021), cert. denied sub nom. Neary v. Ahuga, 142 S. Ct. 605, 211 L. Ed. 2d 375 (2021) (sur-reply permitted where "sur-reply consists of some beneficial data to corroborate Plaintiff's substantive claims").

[2] See Sigmon v. Parker Chapin Flattau & Klimpl, 901 F. Supp. 667, 677 (S.D.N.Y. 1995)("Defendant raised this argument for the first time in its reply brief. Arguments may not be made for the first time in a reply brief.")

4.      The Court, at Page 96, Lines 4-8 posed the query:

> THE COURT:  What if I were to find just that Mr.  Meir is
> judicially and collaterally and equitably estopped  from denying
> that he has a hundred percent ownership **in these entities**, would
> that have any impact?  Would that be  just a meaningless order
> (emphasis supplied)?

5.      After counsel for Nir Meir pointed out that Ranee Bartolacci had not asserted her

rights, the Court further stated, at Page 96, Lines 14-16 :"THE COURT:  I was very careful in

the language.  I'm just saying that Mr. Meir would be estopped from  arguing otherwise."

6.      At Page 105, Lines 10-14, counsel for YH Lex Estates argued:

> MR. LEWIS:  Yes, I just have three quick points.  The first point
> about their, I guess, being there is **a dispute of the ownership of**
> **EZL and EAM**.  We have heard overwhelming evidence to the
> contrary of how this is owned  outright by Mr. Meir. (emphasis
> supplied).

7.      Thus, the Court ruling quoted by Movant in the Remand Reply was obviously

incorporating arguments of counsel as to the ownership of EAM and EZL, not ownership of the

Property. The Court's ruling stated, in relevant part, at Page 124 Lines 3-6 and 19 to Page 125

Line 6:

> I'm going to start with the turnover motions. The turnover Motion
> 9 [seeking to compel Nir Meir to turn over membership interests in
> EAM and EZL], I'll start with. In my view the evidence of Mr.
> Meir's ownership, **a hundred percent ownership of EZL and**
> **EAM** is overwhelming. That leaves you with the question of what
> to do  here.  Number one, it is clear to me that Mr. Meir is
> judicially estopped and equitably estopped from denying  100
> percent ownership. He made representations to this  Court, he
> made representations to another Court, both of  which led to, in
> part, favorable rulings in reliance on  statements about his hundred
> percent ownership.  So from Mr. Meir's perspective, who is a party
> in this case and is  clearly subject to this Court's jurisdiction, he
> may not  disclaim ownership. So it leaves the question of Ms.

3

Bartolacci's rights. I'm going to make that finding that Mr. Meir is judicially estopped and equitably estopped (emphasis supplied).

8.      The representation by Movant at Page 11 of the Remand Response misleadingly

states:

> "Unmoved by their weak excuses and absurd claims about the
> purported change in ownership of EZL, at the January 2022
> Hearing, **the Supreme Court conclusively found Meir's sole**
> **ownership of the Property**, with Justice Cohen ruling that Meir is
> judicially and equitably estopped **from challenging his 100%**
> **ownership of 40 Meadow Lane,** despite Meir's attempted sham
> "transfer" of ownership to Bartolacci. (emphasis supplied)"

9.      This is an intentional mischaracterization of Judge Cohen's ruling. EAM was and

is at all relevant times the owner of 40 Meadow Lane, whose sales proceeds were distributed to

various parties and any causes of action related to those transfers are exclusively property of

EAM's Chapter 7 estate. The issue of the avoidability of these transfers, together with the issue

of the ownership of EAM and EZL, and their creditors' rights relative to other parties, should

properly be determined in the U.S. Bankruptcy Court, District of Delaware.

10.     For the reasons set forth above and in Nir Meir's prior Opposition, remand is not

appropriate, and the Removed Proceeding, a core proceeding involving property of the Debtors'

estates, should be transferred to the Delaware Bankruptcy Court.

**WHEREFORE,** Nir Meir respectfully requests that the Court deny the Remand Motion

and transfer the Removed Action to the Delaware Bankruptcy Court, together with such other

and further relief as is just and proper under the circumstances.

Dated: April 19, 2022

DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for Nir Meir*
605 Third Avenue
New York, New York 10158
(212) 557-7200


*/s/ Robert L. Rattet*

_____

ROBERT L. RATTET
