EXHIBIT "1"

FILED: NEW YORK COUNTY CLERK 02/08/2022 01:14 PM
NYSCEF DOC. NO. 630
INDEX NO. 655980/2020
RECEIVED NYSCEF: 02/08/2022
22-01077-jlg    Doc 30-1    Filed 04/19/22    Entered 04/19/22 15:28:13    Exhibit
Extract from 1/31/22 State Court Hearing Transcript    Pg 2 of 10

# In The Matter Of:

*YH LEX v.*

*H F Z CAPITAL*

*January 31, 2022*

*Jack L. Morelli*

*NYS Supreme Court - Civil Term*

*60 Centre Street, Room 420*

*New York, New York  10007*

*(646) 386-3441*

Original File 013122YHLEX.txt

**Min-U-Script® with Word Index**

```
                                                                    1


 1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF NEW YORK : CIVIL TERM   PART 3
 2   ------------------------------------------X
     YH LEX ESTATES LLC,
 3                                   Plaintiff,
                  - against -
 4   H F Z CAPITAL GROUP LLC, ZIEL FELDMAN and
     NIR MEIR,
 5                                   Defendants.
     ------------------------------------------X
 6   INDEX NO. 655980/20         60 Centre Street
                                 New York, New York
 7                               January 31, 2022

 8   BEFORE:

 9           THE HON. JOEL M. COHEN, J.S.C.

10   APPEARANCES:

11   SUSMAN GODFREY LLP
     Attorneys for Plaintiff
12   1301 Avenue of the Americas, 32nd Floor
     New York, New York  10019
13   BY: MARK HATCH-MILLER, ESQ.
         ARMSTEAD LEWIS, ESQ.
14

15   DAVIDOFF HUTCHER & CITRON LLP
     Attorneys for Defendant Nir Meir
16   605 Third Avenue
     New York, New York  10158
17   BY: PETER RIPIN, ESQ.
         RICHARD WOLTER, ESQ.
18

19   MORRISON COHEN LLP
     Attorneys for Defendants
20   H F Z Capital Group and
     Ziel Feldman
21   909 Third Avenue - 27th Floor
     New York, New York  10022
22   BY: JAY SPEYER, ESQ.
         CHRISTOPHER MILITO, ESQ.
23

24   ALSO PRESENT:  EMILY GRAVES, TrialGraphix

25                              JACK L. MORELLI

                                Senior Court Reporter
```

FILED: NEW YORK COUNTY CLERK 02/08/2022 01:14 PM    INDEX NO. 655980/2020
NYSCEF DOC. NO. 630                                 RECEIVED NYSCEF: 02/08/2022
22-01077-jlg  Doc 30-1  Filed 04/19/22  Entered 04/19/22 15:28:13  Exhibit
           Extract from 1/31/22 State Court Hearing Transcript  Pg 4 of 10

94
PROCEEDINGS

1      proceedings."

2              There is no question that here the right is
3      disputed. Bartolacci commenced an action for declaratory
4      judgment in Florida alleging that she's the 95 percent
5      owner of EZL. YH Lex obviously disagrees with this
6      assertion and contends that the membership was
7      fraudulently transferred to Bartolacci. Under these
8      circumstances YH Lex is not entitled to a turnover order
9      under 5225 (a) except as to the five percent interest
10     which Meir had concededly owns with respect to both
11     entities, EZL and EAM. Any turnover order in excess of
12     the five percent would, by its very nature, deprive and
13     divest Bartolacci of her ownership in the entity.

14             Obviously, Your Honor, because we've addressed
15     this somewhat today already, this can all be remedied by
16     the simple proceeding of a 5225 (b), where the parties
17     are, in fact, all named and brought to court and there is
18     notice and an opportunity to --

19             THE COURT: Would your client, Ms. Bartolacci,
20     agree to accept service and be part of such a case in New
21     York?

22             MR. RIPIN: I don't believe that we are
23     authorized to accept service on her behalf, Your Honor. I
24     would obviously need to look at the jurisdictional issue.
25     I know that counsel has contended that, disagrees with us

- J L M -

FILED: NEW YORK COUNTY CLERK 02/08/2022 01:14 PM  INDEX NO. 655980/2020
NYSCEF DOC. NO. 630  RECEIVED NYSCEF: 02/08/2022
22-01077-jlg    Doc 30-1    Filed 04/19/22    Entered 04/19/22 15:28:13    Exhibit
Extract from 1/31/22 State Court Hearing Transcript    Pg 5 of 10

95
PROCEEDINGS

1  on the jurisdictional issue.  What is clear is that the
2  present motion, 5225 (a), directed only against Meir, is
3  clearly not proper.  Bartolacci is entitled to a jury
4  trial.  Both sides would be entitled to discovery.  Under
5  the 5225 (a) this Court lacks jurisdiction, as it stand
6  right now, over Bartolacci and EZL.  Bartolacci is a
7  Florida resident.  EZL is a Delaware entity not registered
8  to do business in New York.  It only made limited
9  appearances in this action for the purpose of challenging
10 the exercise of personal jurisdiction with respect to New
11 York subpoenas, which were improperly served upon them in
12 Florida.
13           When a court lacks personal jurisdiction over a
14 garnishee, it also lacks the ability to collect assets to
15 satisfy a judgment against the judgment-debtor.  YH Lex
16 has not, to date, commenced any action against Bartolacci
17 or EZL; not served with process or notified them of the
18 claims against them; has not established that this Court
19 has personal jurisdiction over them.  And any order which
20 would result in Bartolacci and EZL being divested any
21 ownership interest in would constitute a substantial
22 violation of their constitutional due process rights.
23           **So, with respect to judicial estoppel**, it's
24 clearly not applicable here.  Because EZL and Bartolacci
25 never assumed any such position in their or any other

FILED: NEW YORK COUNTY CLERK 02/08/2022 01:14 PM
NYSCEF DOC. NO. 630
INDEX NO. 655980/2020
RECEIVED NYSCEF: 02/08/2022

22-01077-jlg    Doc 30-1    Filed 04/19/22    Entered 04/19/22 15:28:13    Exhibit
Extract from 1/31/22 State Court Hearing Transcript    Pg 6 of 10

96
PROCEEDINGS

1    action. They haven't been named to date. In no
2    circumstance can the judicial estoppel be used to deprive
3    these nonparties of their property interests.
4         THE COURT: What if I were to find just that Mr.
5    Meir is judicially and collaterally and equitably estopped
6    from denying that he has a **hundred percent ownership in**
7    **these entities**, would that have any impact? Would that be
8    just a meaningless order?
9         MR. RIPIN: The impact would be in violation of
10   Bartolacci's due process rights. Because by its nature
11   Your Honor would be making a determination, which Your
12   Honor expressly stated would not be occurring today, with
13   respect to the ownership of these entities.
14        THE COURT: I was very careful in the language.
15   **I'm just saying that Mr. Meir would be estopped from**
16   **arguing otherwise.**
17        MR. RIPIN: Because the effect of that would be
18   to prejudice Ms. Bartolacci, Your Honor, because of her
19   position that she is the 95 percent owner. And, you know,
20   the decision that counsel brought to the Court's attention
21   this morning, the LSQ Funding Group, is clearly
22   distinguishable factually. Because in that situation the
23   wife was, in fact, before the Court. She had submitted an
24   affidavit but no evidence of the assignment, and the
25   transfer, the Court held, was void under the contract. So

- J L M -

FILED: NEW YORK COUNTY CLERK 02/08/2022 01:14 PM
NYSCEF DOC. NO. 630
INDEX NO. 655980/2020
RECEIVED NYSCEF: 02/08/2022

22-01077-jlg    Doc 30-1    Filed 04/19/22    Entered 04/19/22 15:28:13    Exhibit
Extract from 1/31/22 State Court Hearing Transcript    Pg 7 of 10

105
PROCEEDINGS

1    full divorce from Mr. Meir. Which is one of the main
2    reasons why we want this, because we can move on and start
3    to satisfy the judgment, which we haven't received any
4    money for at this point.
5         THE COURT: I can see the charging order thing,
6    the charging order idea making more sense if you were
7    acquiring a non-hundred percent interest, where you
8    would -- anyway, this is mostly just academic. But, okay,
9    anything else?
10         MR. LEWIS: Yes, I just have three quick points.
11   The first point about their, **I guess, being there is a**
12   **dispute of the ownership of EZL and EAM**. We have heard
13   overwhelming evidence to the contrary of how this is owned
14   outright by Mr. Meir. The second point about the Pensmore
15   case and how it relates to the LSQ Funding case. The
16   Pensmore case that was referenced by Mr. Meir's counsel,
17   that case hinged on the wife not having the ability to
18   intervene in the case. Therefore, that's why the Court
19   made its decision. But in this case we've seen the wife
20   have every opportunity to intervene to make an appearance
21   and, in fact, has actively avoided doing so.
22         MR. HATCH-MILLER: Sorry, just quickly. When
23   that case came up for the first time, we looked it up.
24   It's actually the trial Court denied the spouse's motion
25   to intervene. The spouse filed a motion to intervene and

- J L M -

FILED: NEW YORK COUNTY CLERK 02/08/2022 01:14 PM    INDEX NO. 655980/2020
NYSCEF DOC. NO. 630                                 RECEIVED NYSCEF: 02/08/2022

22-01077-jlg    Doc 30-1    Filed 04/19/22    Entered 04/19/22 15:28:13    Exhibit
              Extract from 1/31/22 State Court Hearing Transcript    Pg 8 of 10

123
PROCEEDINGS

1  respect to that motion.
2              THE COURT:  Okay.  I'm going to take a short
3  break to consider a few things.  I'll be back with you in
4  five to ten minutes.
5              MR. HATCH-MILLER:  May I make one comment for
6  record preservation on turnover about NM Sunrise so there
7  is nothing unclear about it?  We dispute that a turnover
8  of NM Sunrise to YH Lex would trigger any buyout rights
9  under that agreement.  Mr. Meir has his interpretation of
10 it; we disagree.  As long as NM Sunrise continues to own
11 the shares in Versant there shouldn't be an issue.  The
12 only reason I'm saying that is because I don't want there
13 to be any confusion that we agree with their position.
14             THE COURT:  So, your position is that it will
15 still be NM Sunrise earning the shares, there will just be
16 a new owner of NM Sunrise?
17             MR. HATCH-MILLER:  Correct.  Maybe we agree and
18 maybe we don't agree with Versant.  As Mr. Lewis says,
19 that has nothing to do with whether you can grant a
20 turnover.
21             THE COURT:  All right, thank you.  I'll be back
22 shortly.
23             (Short recess taken)
24             MR. RIPIN:  Yes, Your Honor.
25             THE COURT:  Okay, I'm going to give you my

- J L M -

124

DECISION

1   rulings on the motions. So you can put decision on the
2   top of this page.
3         I'm going to start with the turnover motions.
4   The turnover Motion 9, I'll start with. In my view the
5   evidence of Mr. Meir's ownership, **a hundred percent**
6   **ownership of EZL and EAM is overwhelming**. I think that
7   the documentary evidence is telling. The testimonial
8   evidence in opposition was entirely unpersuasive. I
9   think that even a cursory review of the deposition bear
10  that out. The indicia of, we call them badges of fraud
11  in other contexts, are, again, overwhelming I think.
12  Based on the record I have in front of me now it is
13  very clear.
14        Now, the record is incomplete and it's
15  incomplete, in part, I think because of what seems to be
16  either a lack of willingness to cooperate by making Ms.
17  Bartolacci available to defend her interests, or just
18  insistence on strict compliance, despite the
19  inefficiency. That leaves you with the question of what to do
20  here. **Number one, it is clear to me that Mr. Meir is**
21  **judicially estopped and equitably estopped from denying**
22  **100 percent ownership**. He made representations to this
23  Court, he made representations to another Court, both of
24  which led to, in part, favorable rulings in reliance on
25  statements about his hundred percent ownership. So from

- J L M -

FILED: NEW YORK COUNTY CLERK 02/08/2022 01:14 PM INDEX NO. 655980/2020
NYSCEF DOC. NO. 630  RECEIVED NYSCEF: 02/08/2022
22-01077-jlg  Doc 30-1  Filed 04/19/22  Entered 04/19/22 15:28:13  Exhibit
Extract from 1/31/22 State Court Hearing Transcript  Pg 10 of 10

125

DECISION

| | |
|---|---|
| 1 | Mr. Meir's perspective, who is a party in this case and is |
| 2 | clearly subject to this Court's jurisdiction, he may not |
| 3 | disclaim ownership. |
| 4 | So it leaves the question of Ms. Bartolacci's |
| 5 | rights. **I'm going to make that finding that Mr. Meir is** |
| 6 | **judicially estopped and equitably estopped**. I'm not going |
| 7 | to issue a turnover order yet because I think that |
| 8 | procedurally and from an efficiency perspective, the |
| 9 | better way to do this part is, in fact, to convert it to |
| 10 | 5225 (b), to give Ms. Bartolacci a chance to make whatever |
| 11 | argument she wants to make. Again, my comments about the |
| 12 | evidence being overwhelming are based on the record I have |
| 13 | in front of me. |
| 14 | Now, if she decides not to participate for |
| 15 | whatever reason, whether it's be service or whether |
| 16 | potentially there is an argument about jurisdiction, I |
| 17 | will revisit this. I am not making a finding that due |
| 18 | process prohibits me from issuing a turnover order at this |
| 19 | point. |
| 20 | I think that, you know, again, there is more |
| 21 | than enough evidence to suggest that this judgment-debtor |
| 22 | has acted very, very badly and in a way that it would be |
| 23 | inequitable to permit him to gain by his misconduct. |
| 24 | However, for now I'm going to just leave it with the |
| 25 | finding that as to him personally he is estopped. I'm |