UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    Case No. 1-22-cv-02886
YH LEX ESTATES LLC,

                               Plaintiff,                    VERIFIED ANSWER,
                          v.                    AFFIRMATIVE DEFENSES,
                                              OBJECTIONS IN POINT OF
NIR MEIR, RANEE A. BARTOLACCI and ERMITAGE  LAW, AND
ONE, LLC,                                                COUNTERCLAIM OF
                                                               RANEE A. BARTOLACCI
                      Defendants.           AND ERMITAGE ONE, LLC
------------------------------------------------------------------X

       Ranee A. Bartolacci ("Bartolacci") and Ermitage One, LLC ("Ermitage"), by their attorney YK Law, LLP, as and for their Verified Answer, Affirmative Defenses, and Objections in Point of Law to the Verified Petition ("Petition") of YH Lex Estates LLC ("YH Lex"), state as follows:

## NATURE OF THE PETITION

       1.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1 of the Petition, including footnote 1 referenced in paragraph 1, except deny that any fraudulent or voidable transfers occurred and that YH Lex is entitled to any relief.

       2.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 of the Petition.

       3.     Deny the allegations contained in paragraph 3 of the Petition.

       4.     Deny the allegations contained in paragraph 4 of the Petition.

       5.     Deny the allegations contained in paragraph 5 of the Petition, including footnote 2 referenced in paragraph 5.

       6.     Deny the allegations contained in paragraph 6 of the Petition.

       7.     Deny the allegations contained in paragraph 7 of the Petition.

# BACKGROUND

8. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 of the Petition.

9. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of the Petition.

10. Deny the allegations contained in paragraph 10 of the Petition.

# THE RESPONDENTS

11. Deny the allegations contained in paragraph 11 of the Petition to the extent of denying that any fraudulent conveyances were made; respond to the allegations contained in paragraph 11 of the Petition that concerning the domiciles and residences of Nir Meir ("Meir") that these allegations state legal conclusions to which no response is required; admit the allegations contained in paragraph 11 of the Petition solely to the extent of admitting that at all relevant times, Meir has been Bartolacci's husband and Meir is currently 47 years old.

12. Deny the allegations contained in paragraph 12 of the Petition to the extent of denying that any fraudulent conveyances were made; respond to the allegations contained in paragraph 12 of the Petition concerning the domiciles and residences of Bartolacci that these allegations state are legal conclusions to which no response is required; admit the allegations contained in paragraph 12 of the Petition solely to the extent of admitting that at all relevant times, Bartolacci has been Meir's wife; otherwise, denied.

13. Deny the allegations contained in paragraph 13 of the Petition, except admit that Ermitage is a Florida limited liability company formed on or about July 8, 2021, that on August 12, 2021, Ermitage merged with a New York limited liability company, and that the New York limited liability company was formed on March 26, 2021.

## FACTS COMMON TO ALL CAUSES OF ACTION

### Meir's Breach of his $20 Million Personal Guaranty

14. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14 of the Petition.

15. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 15 of the Petition.

16. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16 of the Petition.

17. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 17 of the Petition.

### Meir's Ownership of 40 Meadow Lane

18. Respond to the allegation contained in paragraph 18 regarding the ownership of 40 Meadow Lane by stating that this allegation states a legal conclusion to which no response is required; otherwise, deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18 of the Petition.

19. Respond to the allegation contained in paragraph 19 of the Petition regarding the judicial and equitable estoppel against Meir by stating that this allegation states a legal conclusion to which no response is required; otherwise, deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19 of the Petition.

20. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 20 of the Petition.

21. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 21 of the Petition.

22. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 22 of the Petition and respectfully refers the Court to the Second Amended and Restated Limited Liability Company Agreement for a complete and accurate statement of its contents.

23. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 23 of the Petition.

24. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 24 of the Petition.

25. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 25 of the Petition and respectfully refers the Court to the EAM Third Amendment for a complete and accurate statement of its contents.

26. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 26 of the Petition.

27. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27 of the Petition.

28. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 28 of the Petition; except deny the allegations contained in footnote 3 referenced in paragraph 28 of the Petition.

29. Deny the allegations contained in paragraph 29 of the Petition.

**The Fraudulent Conveyance Scheme**

30. Deny the allegations contained in paragraph 30 of the Petition.

31. Deny the allegations contained in paragraph 31 of the Petition; except respond to the allegations contained in paragraph 31 of the Petition concerning the domiciles of Meir and Bartolacci that these allegations state legal conclusion to which no response is required.

32. Deny the allegations contained in paragraph 32 of the Petition.

33. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 33 of the Petition.

34. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 34 of the Petition.

35. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 35 of the Petition.

36. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 36 of the Petition.

37. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 37 of the Petition.

38. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 38 of the Petition.

39. Deny the allegations contained in paragraph 39 of the Petition.

40. Deny the allegations contained in paragraph 40 of the Petition.

41. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 41 of the Petition.

42. Deny the allegations contained in paragraph 42 of the Petition.

**Meir's Fraudulent and Voidable Transfers to Bartolacci and Ermitage**

43. Deny the allegations contained in paragraph 43 of the Petition.

44. Deny the allegations contained in paragraph 44 of the Petition.

45. Deny the allegations contained in paragraph 45 of the Petition.

46. Deny the allegations contained in paragraph 46 of the Petition, including footnote 4, respectfully refers the Court to the Indemnity and Escrow Agreement referenced therein for a complete and accurate statement of its contents.

47. Deny the allegations contained in paragraph 47 of the Petition.

48. Deny the allegations contained in paragraph 48 of the Petition.

49. Deny the allegations contained in paragraph 49 of the Petition.

50. Deny the allegations contained in paragraph 50 of the Petition.

51. Deny the allegations contained in paragraph 51 of the Petition.

52. Deny the allegations contained in paragraph 52 of the Petition.

53. Deny the allegations contained in paragraph 53 of the Petition.

54. Deny the allegations contained in paragraph 54 of the Petition.

55. Deny the allegations contained in paragraph 55 of the Petition.

56. Deny the allegations contained in paragraph 56 of the Petition.

57. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Petition.

**Bartolacci's and Ermitage's Role in the Disappearance of the Closing Proceeds**

58. Deny the allegations contained in paragraph 58 of the Petition.

59. Deny the allegations contained in paragraph 59 of the Petition

60. Deny the allegations contained in paragraph 60 of the Petition.

61. Deny the allegations contained in paragraph 61 of the Petition.

62. Deny the allegations contained in paragraph 62 of the Petition.

63. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Petition.

64. Deny the allegations contained in paragraph 64 of the Petition.

65. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Petition.

66. Deny the allegations contained in paragraph 66 of the Petition.

### Meir's Voidable Conveyances of Luxury Automobiles

67. Deny the allegations contained in paragraph 67 of the Petition.

68. Deny the allegations contained in paragraph 68 of the Petition.

69. Respond that the documents referenced in paragraph 69 of the Petition speak for themselves; otherwise, deny the allegations contained in paragraph 69 of the Petition.

### FIRST CAUSE OF ACTION
(Turnover under CPLR §5225(a) against Meir)

70. Bartolacci and Ermitage repeats and realleges each and every response to the preceding paragraphs as though fully set forth herein.

71. Deny the allegations contained in paragraph 71 of the Petition.

72. Deny knowledge information sufficient to form a belief as to the allegations contained in paragraph 72 of the Petition.

73. Deny the allegations contained in paragraph 73 of the Petition and respectfully refers the Court to the Indemnity and Escrow Agreement referenced therein for a complete and accurate statement of its contents.

74. Admit the allegations contained in paragraph 74 of the Petition.

75. Deny the allegations contained in paragraph 75 of the Petition.

## SECOND CAUSE OF ACTION
(Turnover under CPLR § 5225(b) and DCL §§ 273 and 274)

76. Bartolacci and Ermitage repeats and realleges each and every response to the preceding paragraphs as though fully set forth herein.

77. Responds that no response is required to the allegations contained in paragraph 77 of the Petition.

78. Responds that no response is required to the allegations contained in paragraph 78 of the Petition.

79. Deny the allegations contained in paragraph 79 of the Petition.

80. Deny the allegations contained in paragraph 80 of the Petition.

81. Deny the allegations contained in paragraph 81 of the Petition.

82. Deny the allegations contained in paragraph 82 of the Petition.

83. Deny the allegations contained in paragraph 83 of the Petition.

84. Deny the allegations contained in paragraph 84 of the Petition.

## THIRD CAUSE OF ACTION
(Turnover under CPLR § 5225(b) and DCL §§273 and 274)

85. Bartolacci and Ermitage repeats and realleges each and every response to the preceding paragraphs as though fully set forth herein.

86. Deny the allegations contained in paragraph 86 of the Petition.

87. Deny the allegations contained in paragraph 87 of the Petition.

88. Deny the allegations contained in paragraph 88 of the Petition.

89. Deny the allegations contained in paragraph 89 of the Petition.

90. Deny the allegations contained in paragraph 90 of the Petition.

91. Deny the allegations contained in paragraph 91 of the Petition.

## FOURTH CAUSE OF ACTION
(Under DCL §276)

92. Bartolacci and Ermitage repeats and realleges each and every response to the preceding paragraphs as though fully set forth herein.

93. Deny the allegations contained in paragraph 93 of the Petition.

94. Deny the allegations contained in paragraph 94 of the Petition.

## FIFTH CAUSE OF ACTION
(Under DCL §5227)

95. Bartolacci and Ermitage repeats and realleges each and every response to the preceding paragraphs as though fully set forth herein.

96. Deny the allegations contained in paragraph 96 of the Petition.

97. Deny the allegations contained in paragraph 97 of the Petition.

## SIXTH CAUSE OF ACTION
(Accounting)

98. Bartolacci and Ermitage repeats and realleges each and every response to the preceding paragraphs as though fully set forth herein.

99. Deny the allegations contained in paragraph 99 of the Petition.

## AFFIRMATIVE DEFENSES & OBJECTIONS IN POINT OF LAW

### FIRST OBJECTION IN POINT OF LAW

100. YH Lex has not satisfied its initial burden or made a *prima facie* showing of entitlement to relief.

### SECOND OBJECTION IN POINT OF LAW

101. Summary determination is not warranted based on the record submitted in support of the Petition.

## THIRD OBJECTION IN POINT OF LAW

102. An evidentiary hearing and a jury trial are required to resolve disputed issues of fact.

## FIRST AFFIRMATIVE DEFENSE

103. YH Lex's claims, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

104. YH Lex's claims are barred, in whole or in part, by documentary evidence. YH Lex's allegations concerning the alleged fraudulent and/or voidable transfers of the proceeds from the sale of the 40 Meadow Lane property are conclusively refuted by documentary evidence demonstrating that, at all relevant times, Bartolacci was the 95% owner of EZL, the 90.25% beneficial owner of the 40 Meadow Lane property, the rightful recipient of 90.25% of the proceeds from the sale of the 40 Meadow Lane property, and the 100% owner of Ermitage. See Index No. 655980/2020, NYSCEF Doc. Nos. 280 (Affidavit of Respondent Nir Meir), 283 (EZL Operating Agreement), and 311 (Bartolacci Affidavit) all of which are incorporated into this Answer by reference.

## THIRD AFFIRMATIVE DEFENSE

105. YH Lex's claims concerning the alleged fraudulent and/or voidable transfers of the automobiles are conclusively refuted by the evidence submitted by Nir Meir in opposition to Motion Sequence No. 18 demonstrating that Meir never owned the automobiles at issue or that the alleged transfers never took place. See Index No. 655980/2020, NYSCEF Doc. Nos. 591 (Meir Affidavit), 592 (Vehicle Title), 593 (Vehicle Purchase Contract), and 594 (Memorandum of Law), all of which are incorporated by reference herein.

## FOURTH AFFIRMATIVE DEFENSE

106. The complained-of transfers were made for adequate or reasonably equivalent consideration.

107. Bartolacci and Meir were at all times relevant herein, married and based upon Bartolacci's separate contributions to the marriage, including her contributions to the property located at 40 Meadow Lane, distributions to Bartolacci were for fair consideration.

108. At all times relevant herein, the property located at 40 Meadow Lane was the marital residence and home of Bartolacci and the parties' children and as such, Bartolacci was entitled to at minimum, fifty percent (50%) of the proceeds from the sale.

## FIFTH AFFIRMATIVE DEFENSE

109. The complained-of transfers were not made with intent to frustrate or hinder the collection of the judgment or in derogation of YH Lex's rights.

## SIXTH AFFIRMATIVE DEFENSE

110. YH Lex's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

111. YH Lex's claims are barred for failure to join EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC, each of whom are indispensable parties to this action.

## FIRST COUNTERCLAIM OF BARTOLACCI

112. CPLR 5222(b) provides in part that "A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint."

113. YH Lex acted in bad faith to issue a restraining notice specifying an account held in Bartolacci's sole name at Morgan Stanley Smith Barney LLC based on allegations concerning the proceeds from the sale of the 40 Meadow Lane property. YH Lex was on notice that Bartolacci was the rightful recipient of 90.25% of the proceeds from the sale of the 40 Meadow Lane property, and the 100% owner of Ermitage.

114. By reason of YH Lex's bad faith, Bartolacci has been and continues to be damaged and demands judgment against YH Lex for an amount of damages to be determined at trial (at least $1,000,000), plus interest, costs and disbursements, and reasonable attorney's fees.

## RESERVATION OF RIGHTS

115. Bartolacci and Ermitage give notice that they intend to rely on any additional affirmative defenses and objections in point of law that become available or apparent over the course of this matter and thus reserve the right to amend this Answer to assert such additional defenses.

## JURY DEMAND

116. Bartolacci and Ermitage demand a trial by jury pursuant to Fed. R. Civ. P. Rule 38 as incorporated by Fed. R. Bankr. P. Rule 9015.

WHEREFORE, based upon the foregoing, Bartolacci and Ermitage demand a Judgment of the Court in their favor and against YH Lex as follows:

1. Judgment dismissing the Petition of YH Lex in its entirety and denying all relief requested therein;

2. Damages on Bartolacci's claim under CPLR § 5222(b); and

3. Such other and further relief in favor of Bartolacci and Ermitage as the Court deems just and proper.

Dated: April 14, 2022
New York, NY

                YK LAW LLP
                *Attorney for Respondents Ranee A.*
                *Bartolacci and Ermitage One, LLC*


By: /s/ Pankaj Malik
     Pankaj Malik, Esq.
     32 E. 57th Street, 8th Floor
     New York, NY 10022
     Tel: 212-837-2600
     Fax: 813-273-9600
     Email: pmalik@yklaw.us

## VERIFICATION

STATE OF NEW YORK    )
                     SS.:
COUNTY OF NEW YORK   )

Pankaj Malik, Esq., an attorney admitted to practice in the courts of the State of New York, hereby affirms the following to be true under the penalties of perjury that:

I am associated with the firm of YK Law, LLP, the attorneys of record for Respondents in this action.

I have read the foregoing Verified Answer, Affirmative Defenses, Objections In Point Of Law, and Counterclaim of Ranee A. Bartolacci And Ermitage One, LLC, and its factual contents are true to my personal knowledge, except as to the matters alleged on information and belief, and as to those matters, I believe them to be true.

The grounds for my belief as to all matters not stated upon my personal knowledge are correspondence and other writings furnished to me and/or other bases of belief by Respondents.

Dated: April 14, 2022
       New York, NY

    YK Law LLP
    *Attorney for Respondents Ranee A.*
    *Bartolacci and Ermitage One, LLC*

    By: /s/ Pankaj Malik
    Pankaj Malik, Esq.
    32 E. 57th Street, 8th Floor
    New York, NY 10022
    Tel: 212-837-2600
    Fax: 813-273-9600
    Email: pmalik@yklaw.us